BROWN RUDNICK LLP
DANIEL A. ROZANSKY (#161647)
drozansky@brownrudnick.com
2121 Avenue of the Stars, Suite 720
Los Angeles, California 90067
Telephone:   (424) 525-0200
Facsimile:    (424) 525-0201

Michael R. Graif
Seven Times Square, 46th Floor
New York, NY 10026
Tel.: 212-209-4800
mgraif@brownrudnick.com

Katherine C. Dearing (*pro hac vice to be filed*)
1900 N Street, Fourth Floor
Washington, D.C. 20036
Tel.: 202-536-1700
kdearing@brownrudnick.com

Attorneys for Plaintiff
Rapid Relief Team (RRT) Ltd.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rapid Relief Team (RRT) Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Cheryl Bawtinheimer, <br><br> Defendant. | Case No. 3:25-cv-10864-SK <br><br> JUDGE: Hon. Sallie Kim <br><br> **FIRST AMENDED COMPLAINT** <br><br> JURY TRIAL DEMANDED |

1

FIRST AMENDED COMPLAINT

Plaintiff Rapid Relief Team (RRT) Ltd. ("**Plaintiff**" or "**RRT**"), by and through its attorneys Brown Rudnick LLP, for its First Amended Complaint against defendant Cheryl Bawtinheimer ("**Defendant**"), alleges, on knowledge as to its own actions, and otherwise on information and belief, as follows:

## **PRELIMINARY STATEMENT**

1.      Plaintiff brings this action seeking injunctive and monetary relief for Defendant's intentional infringement of Plaintiff's copyright in Plaintiff's copyrighted stylized bird logo known as the RRT Cookie Bird (the "**Copyrighted Work**"), shown below.



2.      Founded in 2013 in Sydney, Australia by the Plymouth Brethren Christian Church, Plaintiff RRT is a global charitable relief organization offering compassionate support to communities impacted by national disasters and humanitarian crises. RRT's network extends through thousands of volunteers in at least 14 countries, including the United States.

3.      The Copyrighted Work was authored by Jose Gilberto Gonzalez D'Oporto and Rodrigo Clapano in 2019. Mr. D'Oporto was a contractor who assigned his rights in the work to Shepherds Bay Personnel Pty Ltd ("**SBP**") in New South Wales, Australia, and Mr. Clapano was an employee of SBP, rendering SBP the owner of the Copyrighted Work by operation of Australian law. SBP assigned to RRT the copyright in the Copyrighted Work on September 9, 2025. As a result, Plaintiff is the owner by assignment of all copyright rights in the Copyrighted Work.

4.      The Copyrighted Work was first published as a foreign copyrighted work on May 9, 2019 on RRT in New Zealand's social media pages and subsequently on May 10, 2019 on the United Kingdom page of the global RRT website, https://www.rrtglobal.com. Since creation of the Copyrighted Work, Plaintiff has published and otherwise publicly and prominently displayed the

2

FIRST AMENDED COMPLAINT

Copyrighted Work on its merchandise, in its promotional materials, and on its website, as shown below.



5.      All of the claims asserted herein arise out of and are based on Defendant's reproduction and use of the Copyrighted Work without Plaintiff's consent. Plaintiff sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq.

6.      Plaintiff seeks all remedies afforded by the Copyright Act, including preliminary and permanent injunctive relief, Plaintiff's damages and Defendant's profits from Defendant's willfully infringing conduct, and other monetary relief.

**JURISDICTION AND VENUE**

7.      This court has jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331, 1332(a), and 1338(a).

8.      Defendant expressly consented to jurisdiction of "the Federal District Court for the district in which my address is located, or if my address is outside of the United States, the judicial district in which YouTube is located..." in the counter-notifications that she submitted on December 7 and 14, 2025 and on January 30, 2026 to YouTube pursuant to the Digital Millenium Copyright

FIRST AMENDED COMPLAINT

Act ("**D.M.C.A.**"), 17 U.S.C. §512(g)(3). According to its terms of service, available at https://www.youtube.com/t/terms, YouTube is located at 1600 Amphitheatre Parkway, Mountain View, California 94043. Those terms state that users of YouTube submit to jurisdiction of federal and state courts in Santa Clara County, California.

9.     Venue is proper in this district under 28 U.S.C. § 1391(b)(3) because Defendant is subject to personal jurisdiction in this district regarding this action, and there is no other district in which the action may otherwise be brought.

## PARTIES

10.     Plaintiff Rapid Relief Team (RRT) Ltd., is a registered charity formed under the laws of Australia, with a business address of L6, 10 Herb Elliott Ave, Sydney Olympic Park, New South Wales, 2127.  Plaintiff's charitable efforts and initiatives extend globally, including in the United States through Rapid Relief Team LLC, an Ohio limited liability company with a business address of 100 Challenger Rd, Suite 114, Ridgefield Park, NJ 07660.

11.     On information and belief, Defendant Cheryl Bawtinheimer is an individual residing at 219 Davison Drive, Red Deer, AB T4R 2E6, Canada. On information and belief, Defendant is a citizen of Canada.

## FACTS

A.     Plaintiff and its Copyrighted Work

12.     On or around February 13, 2019, Jose Gilberto Gonzalez D'Oporto and Rodrigo Clapano authored the Copyrighted Work. Mr. D'Oporto was a contractor who assigned his rights in the work to SBP in New South Wales, Australia, and Mr. Clapano was an employee of SBP, rendering SBP the owner of the Copyrighted Work by operation of Australian law. The Copyrighted Work depicts RRT's bird logo Cookie the Kookaburra, which was created to act as a global ambassador and help create emotional connections with its beneficiaries.

13.     The Copyrighted Work was first published as a foreign copyrighted work on May 9, 2019 on RRT in New Zealand's social media pages and subsequently on May 10, 2019 on the United Kingdom page of the global RRT website, https://www.rrtglobal.com, all of which occurred before the Copyrighted Work was first published in the United States.

FIRST AMENDED COMPLAINT

14.     On September 9, 2025, Plaintiff and SBP entered into a written agreement pursuant to which SBP assigned to Plaintiff all copyright rights in the Copyrighted Work. A true and correct reproduction of the Copyrighted Work is attached hereto as **Exhibit 1**. A true and correct copy of the assignment agreement is attached hereto as **Exhibit 2**.

15.     The Copyrighted Work is wholly original, and Plaintiff is the exclusive owner by assignment of all rights, title, and interest, including all rights under copyright, in the Copyrighted Work.

16.     Plaintiff has displayed and currently displays the Copyrighted Work on the Rapid Relief Team's website, https://www.rrtglobal.org. Plaintiff has also displayed the Copyrighted Work on a variety of goods, including promotional materials, food boxes, care kits, apparel, tents, and other promotional items.

B.      Defendant's Infringing Conduct

17.     On information and belief, Defendant is or was, at the relevant time, engaged in the creation and production of the "Get a Life Podcast" channel on YouTube.

18.     On information and belief, Defendant is or was, at the relevant time, also engaged in the creation and production of the "Rapid Relief Team – Exposed" channel on YouTube.

19.     On information and belief, Defendant has, without Plaintiff's authorization, consent, or knowledge, and without any compensation to Plaintiff, reproduced the Copyrighted Work in multiple videos listed in Paragraphs 20, 24, 26, 28-29, 31, and 33 of this First Amended Complaint on both the "Get a Life Podcast" and "Rapid Relief Team – Exposed" channels (the "**Infringing Videos**").

20.     The video on the "Get a Life Podcast" channel entitled "Lindy expresses her concern regarding the Plymouth Brethren Christian Church's RRT charity," available at https://www.youtube.com/watch?v=w7-K6GPUYoI, reproduces the Copyrighted Work, as shown below.

///

///

///

FIRST AMENDED COMPLAINT



21.     On October 28, 2025, Plaintiff's counsel submitted to YouTube a takedown request under the D.M.C.A., 17 U.S.C. §512(c)(3), regarding Defendant's unauthorized and infringing use of the Copyrighted Work in the video. After exchanging further communications with YouTube, on December 5, 2025, YouTube removed the video. On December 7, 2025, YouTube informed Plaintiff's counsel that Defendant had submitted a counternotification pursuant to 17 U.S.C. §512(g)(3).

22.     The video on the "Get a Life Podcast" channel entitled "Rapid Relief Team: Hypocrisy & Families Divided at Christmas," available at https://www.youtube.com/watch?v=HCoFYNL3Rpo, reproduces the Copyrighted Work, as shown below:

///

6

FIRST AMENDED COMPLAINT

23.    On October 28, 2025, Plaintiff's counsel submitted to YouTube a takedown request under the D.M.C.A., 17 U.S.C. §512(c)(3) regarding Defendant's unauthorized and infringing use of the Copyrighted Work in the video. After exchanging further communications with YouTube, on December 12, 2025, YouTube removed the video. On December 14, 2025, YouTube informed Plaintiff's counsel that Defendant had submitted a counternotification pursuant to 17 U.S.C. §512(g)(3).

24.    The video on the "Get a Life Podcast" channel entitled "Rapid Relief Team's Branded Trauma: Ex-Members Speak Out," available at https://www.youtube.com/watch?v=yUeq9k97hno, reproduces the Copyrighted Work, including, for example, as shown below:

///

///

///

7



25.    On January 28, 2026, Plaintiff's counsel submitted to YouTube a takedown request under the D.M.C.A., 17 U.S.C. §512(c)(3) regarding Defendant's unauthorized and infringing use of the Copyrighted Work in the video on the "Get A Life Podcast" channel.

26.    The same video appears on the "Rapid Relief Team – Exposed" channel, available at https://www.youtube.com/watch?v=C70grXyUcZI, and reproduces the Copyrighted Work in the same manner.

27.    On January 30, 2026, Plaintiff's counsel submitted to YouTube a takedown request under the D.M.C.A., 17 U.S.C. §512(c)(3) regarding Defendant's unauthorized and infringing use of the Copyrighted Work in the video on the "Rapid Relief Team – Exposed" channel.

28.    The video on the "Get a Life Podcast" channel entitled "Rapid Relief Team: Where's the        compassion?-        With        guest        Damian        Hastie,"        available        at

8

https://www.youtube.com/watch?v=a4qKJAQolFI, reproduces the Copyrighted Work, including, for example, as shown below:



29.    The same video appears on the "Rapid Relief Team – Exposed" channel, available at https://www.youtube.com/watch?v=FKE-xCIPad0, and reproduces the Copyrighted Work in the same manner.

30.    On January 28, 2026, Plaintiff's counsel submitted to YouTube a takedown request under the D.M.C.A., 17 U.S.C. §512(c)(3) regarding Defendant's unauthorized and infringing use of the Copyrighted Work in the video on both the "Get A Life Podcast" channel and on the "Rapid Relief Team – Exposed" channel. On January 30, 2026, YouTube informed Plaintiff's counsel that Defendant had submitted a counternotification pursuant to 17 U.S.C. §512(g)(3) with respect to the video as it appears on the "Get A Life Podcast" channel at https://www.youtube.com/watch?v=a4qKJAQolFI .

31.    The video on the "Rapid Relief Team – Exposed" channel entitled "Plymouth Brethren Christian Church: Former Member Exposes Rapid Relief Team," available at

9

https://www.youtube.com/watch?v=OE6LsyEJDUU, reproduces the Copyrighted Work, including, for example, as shown below:



32. On January 28, 2026, Plaintiff's counsel submitted to YouTube a takedown request under the D.M.C.A, 17 U.S.C. §512(c)(3) regarding Defendant's unauthorized and infringing use of the Copyrighted Work in the video.

33. The video on the "Rapid Relief Team – Exposed" channel entitled "Chapter 2 part 1 Rapid Relief Team – Why disaster relief?," available at https://www.youtube.com/watch?v=zLx5cqLzTG0, reproduces the Copyrighted Work, including, for example, as shown below:

///

///

///

///

///

FIRST AMENDED COMPLAINT

34.     On January 28, 2026, Plaintiff's counsel submitted to YouTube a takedown request under the D.M.C.A, 17 U.S.C. §512(c)(3) regarding Defendant's unauthorized and infringing use of the Copyrighted Work in the video.

35.     On information and belief, Defendant's identical use and exploitation of the Copyrighted Work was willful, and in disregard of, and with indifference to, the rights of Plaintiff. On further information and belief, Defendant's intentional, infringing conduct was undertaken to reap the creative benefit and value associated with the Copyrighted Work. By failing to obtain Plaintiff's authorization to use the Copyrighted Work or to compensate Plaintiff for the use, Defendant has avoided payment of license fees and other financial costs associated with obtaining permission to exploit the Copyrighted Work, as well as the restrictions that Plaintiff is entitled to and would place on any such exploitation as conditions for Plaintiff's permission, including the right to deny permission altogether.

///

///

11

FIRST AMENDED COMPLAINT

36. As a result of Defendant's actions described above, Plaintiff has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction and public display of the Copyrighted Work. Defendant has never accounted to or otherwise paid Plaintiff for its use of the Copyrighted Work.

37. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT ONE

### Federal Copyright Infringement

### (17 U.S.C. § 501)

38. Plaintiff repeats and realleges paragraphs 1 through 37 hereof, as if fully set forth herein.

39. The Copyrighted Work is an original drawing containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq.* Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Work. The Copyrighted Work was first developed in New South Wales, Australia and published in New Zealand, and is therefore a foreign copyrighted work.

40. Through Defendant's conduct alleged herein, including Defendant's reproduction and public display of the Copyrighted Work without Plaintiff's permission in the Infringing Videos, Defendant has directly infringed Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

41. On information and belief, Defendant's infringing conduct alleged herein was willful and with full knowledge of Plaintiff's rights in the Copyrighted Work and has enabled Defendant illegally to obtain profit therefrom.

42. As a direct and proximate result of Defendant's infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendant's profits attributable to Defendant's infringing conduct alleged herein, including from any and all sales or other profits in

///

12

FIRST AMENDED COMPLAINT

connection with the Infringing Videos, and an accounting of and a constructive trust with respect to such profits.

43.     As a direct and proximate result of the Defendant's infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendant's infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted Work. Plaintiff therefore is entitled to permanent injunctive relief restraining and enjoining Defendant's ongoing infringing conduct.

**WHEREFORE,** Plaintiff requests judgment against Defendant as follows:

1.     That Defendant has violated Section 501 of the Copyright Act (17 U.S.C. § 501).

2.     Granting an injunction temporarily, preliminarily, and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

   a.     displaying, using, or authorizing any third party to display or use the Copyrighted Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work, including without limitation any dissemination, promotion, use, or display of the Infringing Videos or other videos that feature the Copyrighted Work; and

   b.     aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a).

3.     That Defendant be ordered to provide an accounting of Defendant's profits attributable to Defendant's infringing conduct, including Defendant's profits from sales and any other exploitation of the Copyrighted Work, and any products, works, or other materials that include the Copyrighted Work.

4.     That Defendant be ordered to destroy or deliver up for destruction all materials in Defendant's possession, custody, or control used by Defendant in connection with Defendant's ///

13

FIRST AMENDED COMPLAINT

infringing conduct, including without limitation any products and works that include any reproduction or other copy or colorable imitation of the Copyrighted Work.

5.      That Defendant, at its own expense, be ordered to recall the Infringing Videos and any other videos or other works that include the Copyrighted Work from any video platforms, social media platforms, website hosts, or other entities or individuals who may have distributed videos that included the Copyrighted Work – including but not limited to the Infringing Videos – on Defendant's behalf, and that Defendant be ordered to destroy or deliver up for destruction all materials returned to it.

6.      Awarding Plaintiff Defendant's profits obtained as a result of Defendant's infringing conduct, including but not limited to all profits from sales and other exploitation of the Infringing Videos and any products, works, or other materials that include the Copyrighted Work, or in the Court's discretion, such amount as the Court finds to be just and proper and damages sustained by Plaintiff as a result of Defendant's infringing conduct, in an amount to be proven at trial.

7.      Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

8.      Awarding such other and further relief as the Court deems just and proper.

///
///
///
///
///
///
///
///
///
///
///
///
///

14

FIRST AMENDED COMPLAINT

DATED: January 30, 2026          Respectfully submitted,


                                 BROWN RUDNICK LLP


                                 By:   /s/ *Daniel A. Rozansky*
                                       Daniel A. Rozansky
                                       BROWN RUDNICK LLP
                                       2121 Avenue of the Stars, Suite 720
                                       Los Angeles, California 90067
                                       Telephone: (424) 525-0200
                                       Facsimile: (424) 525-0201
                                       drozansky@brownrudnick.com

                                       Michael R. Graif
                                       BROWN RUDNICK LLP
                                       Seven Times Square
                                       New York, NY 10026
                                       Tel.: 212-209-4800
                                       mgraif@brownrudnick.com

                                       Katherine C. Dearing
                                       BROWN RUDNICK LLP
                                       1900 N Street, Fourth Floor
                                       Washington, D.C. 20036
                                       Tel.: 202-536-1700
                                       kdearing@brownrudnick.com

                                       *Attorneys for Plaintiff Rapid Relief Team*
                                       *(RRT) Ltd.*

FIRST AMENDED COMPLAINT