BROWN RUDNICK LLP
Joel S. Miliband, #77438
jmiliband@brownrudnick.com
4 Park Plaza, Suite 420
Irvine, California 92614
Telephone: (949) 752-7100
Facsimile:  (949) 252-1514

Michael R. Graif
Seven Times Square, 46th Floor
New York, NY 10026
Tel.: 212-209-4800
mgraif@brownrudnick.com

Daniel A. Rozansky, #161647
drozansky@brownrudnick.com
2121 Avenue of the Stars, Suite 720
Los Angeles, California 90067
Telephone: (424) 525-0200
Facsimile:  (424) 525-0201

Katherine C. Dearing (*pro hac vice*)
1900 N Street, Fourth Floor
Washington, D.C. 20036
Tel.: 202-536-1700
kdearing@brownrudnick.com

*Attorneys for Plaintiff and Counterclaim-Defendant Rapid Relief Team (RRT) Ltd., and Counterclaim-Defendant Brown Rudnick LLP*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| RAPID RELIEF TEAM (RRT) LTD., | Case No. 4:25-cv-10864-JST |
| Plaintiff and Counterclaim-Defendant, | HON. JON S. TIGAR |
| vs. | **COUNTERCLAIM-DEFENDANTS RAPID RELIEF TEAM (RRT) LTD. AND BROWN RUDNICK LLP'S MOTION TO DISMISS COUNTERCLAIM COUNT ONE AND MEMORANDUM IN SUPPORT** |
| CHERYL BAWTINHEIMER, | |
| Defendant and Counterclaim-Plaintiff. | |
| vs. | |
| BROWN RUDNICK LLP, KATY-JADE CHURCH, and MICHAEL GRAIF, | DATE:   July 2, 2026<br>TIME:   2:00 p.m.<br>CTRM:   Courtroom 6 – 2nd Floor |
| Counterclaim-Defendants. | Action Filed: December 19, 2025<br>Amended Complaint Filed: January 30, 2026 |

MOTION TO DISMISS COUNTERCLAIM COUNT ONE AND MEMORANDUM IN SUPPORT

# **TABLE OF CONTENTS**

Page

MOTION TO DISMISS COUNTERCLAIM COUNT ONE ................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 2

I.     INTRODUCTION ................................................................. 2

II.    FACTUAL BACKGROUND ........................................................ 3

III.   LEGAL STANDARD ............................................................. 4

       A. ..... CLAIMS UNDER 17 U.S.C. § 512(F) .................................... 4

       B. ..... GENERAL PLEADING REQUIREMENTS .................................... 5

IV.    ARGUMENT ..................................................................... 6

       A. ..... COUNTERCLAIM COUNT ONE FAILS TO ALLEGE A
       ........ PLAUSIBLE § 512(F) CLAIM ............................................. 6

              1.    Bawtinheimer's Unsupported Conjecture, Conclusory Statements,
                    Legal Conclusions, and Hyperbole about Counterclaim-
                    Defendants' Alleged Subjective Beliefs
                    Are Not Entitled to an Assumption of Truth .............................. 7

              2.    Counterclaim Count One Improperly Applies an
                    Objective Standard, Instead of a Subjective Standard ............. 10

       B.     Dismissal Should Be With Prejudice and Without Leave to
              Amend ................................................................. 13

V.     CONCLUSION ................................................................. 13

MOTION TO DISMISS COUNTERCLAIM COUNT ONE AND MEMORANDUM IN SUPPORT

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................................*passim*

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .................................................................................................. 6

*Daniels-Hall v. National Educ. Ass'n*,
629 F.3d 992 (9th Cir. 2010)............................................................... 5, 6, 7, 10

*Finton Construction, Inc. v. Bidna & Keys, APLC*,
238 Cal.App.4th 200 (2015).................................................................................. 2, 8

*Google LLC v. Oracle Am., Inc.*,
141 S. Ct. 1183 (2021) ............................................................................................ 9

*Hosseinzadeh v. Klein*,
276 F. Supp. 3d 34 (S.D.N.Y. 2017)..................................................................... 12

*Lenz v. Universal Music Group*,
815 F.3d 1145 (9th Cir. 2016)........................................................................*passim*

*McGucken v. Pub Ocean Ltd.*,
42 F.4th 1149 (9th Cir. 2022).............................................................................. 10

*Moonbug Enter. Ltd. v. Babybus (Fujian) Network Tech. Co.*,
2022 WL 580788 (N.D. Cal. Feb. 25, 2022)....................................................... 6, 13

*Mujica v. AirScan Inc.*,
771 F.3d 580 (9th Cir. 2014)................................................................................. 8

*Ningbo Yituo Enter. Mgmt. Co., Ltd. v. GoPlus Corp.*,
No. 5:24-cv-02548, 2025 WL 2995105 (C.D. Cal. Oct. 9, 2025)............................ 8

*S.E.C. v. Tambone*,
597 F.3d 436 (1st Cir. 2010) (en banc) ................................................................ 8

*Santos v. Cnty. of Humboldt*,
No. 22-CV-07485-RMI, 2023 WL 2600449 (N.D. Cal. Mar. 21, 2023) ................ 10

*Shaffer v. Kavarnos*,
No. 23-cv-10059, 2025 WL 2299173 (S.D.N.Y. Aug. 7, 2025)............................. 12

MOTION TO DISMISS COUNTERCLAIM COUNT ONE AND MEMORANDUM IN SUPPORT

**Statutes**

17 U.S.C. § 107 ........................................................................................................................ 9

17 U.S.C. § 512 ................................................................................................................... 4, 10

17 U.S.C. § 512(c) .................................................................................................................... 4

17 U.S.C. § 512(f) ........................................................................................................... *passim*

Digital Millenium Copyright Act ..................................................................................... *passim*

**Other Authorities**

Federal Rule of Civil Procedure 8(a) ................................................................................... 3, 5

Federal Rule of Civil Procedure 12(b)(6) .......................................................................... 5, 10

MOTION TO DISMISS COUNTERCLAIM COUNT ONE AND MEMORANDUM IN SUPPORT

## MOTION TO DISMISS COUNTERCLAIM COUNT ONE

TO THE HONORABLE JON S. TIGAR:

PLEASE TAKE NOTICE that on July 2, 2026, at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 6 of the above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, Plaintiff/Counterclaim-Defendant Rapid Relief Team (RRT) Ltd. ("RRT") and Counterclaim-Defendant Brown Rudnick LLP ("Brown Rudnick") (collectively, "Counterclaim-Defendants") will and hereby do move the Court for an order dismissing Defendant/Counterclaim-Plaintiff Cheryl Bawtinheimer's ("Bawtinheimer") Counterclaim Count One for failure to state a claim upon which relief can be granted.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Counterclaim-Defendants seek an order by this Court that Bawtinheimer's Counterclaim Count One (ECF No. 26, at 19-21), which purports to allege a violation of 17 U.S.C. § 512(f), fails to state a claim upon which relief can be granted and that Counterclaim Count One is therefore dismissed with prejudice.

This Motion presents the following issues for the Court to decide: (A) whether Counterclaim Count One fails to plead a plausible claim for relief under 17 U.S.C. § 512(f); and (B) if so, whether Counterclaim Count One should be dismissed with prejudice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant and Counterclaim-Plaintiff Cheryl Bawtinheimer's § 512(f) counterclaim is not merely deficient—it is an improper attempt to weaponize the DMCA by converting a routine, good-faith dispute over fair use into a claim for damages not only against RRT but against RRT's attorneys in this case.[1] The statute imposes liability only in the narrow circumstance where a copyright holder knowingly makes a material misrepresentation of infringement. It does not punish enforcement efforts grounded in a genuine belief of infringement, nor does it transform a disagreement over fair use into actionable misconduct. Yet that is precisely what Bawtinheimer seeks to do here.

There is something particularly striking about this counterclaim. The underlying facts are not in dispute: RRT owns a valid copyright in its logo; Bawtinheimer used that logo in her videos; and she did so without authorization. Bawtinheimer does not, and cannot, plead otherwise. Her sole potential defense is fair use, a doctrine that presents a mixed question of law and fact and one on which Bawtinheimer bears the burden of proof. At most, this case presents a contested legal issue regarding fair use. It does not present, and cannot be recast as, a case of knowing misrepresentation under § 512(f).

Unable to plead facts showing subjective bad faith, Bawtinheimer instead resorts to conjecture, conclusory assertions, and rhetoric—claiming that Counterclaim-Defendants "must have known" her use was fair and therefore must have acted improperly in submitting takedown notices. But Ninth Circuit law forecloses that theory. A claim under § 512(f) turns on subjective good faith, not on

---

[1] Courts have recognized the "particularly nasty type of scorched earth tactics" associated with "a calculated effort to undermine the parties in the underlying case by turning their attorneys into fellow defendants." *Finton Construction, Inc. v. Bidna & Keys, APLC*, 238 Cal.App.4th 200, 204 (2015).  Such is the case here.

MOTION TO DISMISS COUNTERCLAIM COUNT ONE AND MEMORANDUM IN SUPPORT

whether an opposing party—or even a court—might ultimately disagree about fair use. Even an unreasonable mistake is insufficient; liability requires actual knowledge of falsity. Where, as here, the dispute reduces to a disagreement over fair use, courts routinely dismiss § 512(f) claims at the pleading stage.

The counterclaim is especially untenable given the circumstances under which the takedown notices were submitted. Those notices were sent by experienced counsel, as Bawtinheimer herself acknowledges, who considered the possibility of fair use and, in the exercise of professional judgment, concluded that Bawtinheimer's use was not authorized. That is precisely the type of good-faith enforcement activity the DMCA is designed to protect—not penalize. Attempting to recast that judgment as a "knowing misrepresentation" does not make it so.

Stripped of its hyperbole, Counterclaim Count One offers nothing more than a disagreement over fair use dressed up as a statutory claim. It pleads no facts plausibly suggesting that Counterclaim-Defendants lacked a subjective good-faith belief in infringement when they submitted the takedown notices. That is fatal under Rule 8 and controlling Ninth Circuit precedent. Because Bawtinheimer has failed to plead—and cannot plausibly plead—the essential element of subjective bad faith, Counterclaim Count One fails as a matter of law and should be dismissed with prejudice.

## II.   FACTUAL BACKGROUND

Cookie the Kookaburra is a professionally-designed stylized cartoon bird character that RRT has used as a logo (the "Logo" or "Cookie") on its equipment designed to support emergency responders and communities in need, including but not limited to  semi-trailers used to transport all-terrain forklifts, marquees which provide shelter to volunteers preparing food and beverages, BBQ and coffee trailers, and on its standard charity assets including its website and merchandise for about seven years. Cookie was first published as a foreign copyrighted work on social media and then launched on the global RRT website in May 2019. ECF No. 7 at ¶ 4. RRT owns the copyright to

3                                                          4:25-cv-10864-JST

Cookie's image.  ECF No. 26 at ¶ 30.

On October 28, 2025, after discovering that certain of Defendant's videos on her Get a Life Podcast YouTube channel included imagery of the Logo, RRT's counsel submitted two DMCA takedown requests to YouTube regarding Defendant's unauthorized and infringing use of the Logo. ECF No. 7 at ¶¶ 20-23; ECF No. 26 at ¶¶ 34, 41.  Defendant submitted counternotifications for both videos. ECF No. 7 at ¶¶ 20-23; ECF No. 26 at ¶ 45. On December 19, 2025, RRT filed a complaint for copyright infringement. ECF No. 1.  RRT subsequently uncovered further evidence of infringement in additional videos on both the Get a Life Podcast and Rapid Relief Team – Exposed YouTube channels and submitted additional takedown requests. ECF No. 7 at ¶¶ 24-34; ECF No. 26 at ¶¶ 46, 48, 51, 52, 55.  RRT also amended its complaint to include those additional videos.  ECF No. 7 at ¶¶ 24-34.

On April 3, 2026, Defendant filed an Answer and Counterclaim.  ECF No. 26. The Counterclaim includes two counts: (1) "Violation of 17 U.S.C. § 512(f)" against all Counterclaim-Defendants; and (2) "Declaratory Relief" against RRT.  *Id*. at 19-23.

This Motion seeks dismissal of Counterclaim Count One.

## III.    LEGAL STANDARD

### A.    Claims Under 17 U.S.C. § 512(f)

Signed into law in 1998, the Digital Millennium Copyright Act ("DMCA") updated U.S. copyright law for the digital age.  One of the enacted statutes, 17 U.S.C. § 512, allows online service providers that store third-party digital content (*e.g.*, YouTube) to avoid copyright infringement liability if the service provider, among other requirements, expeditiously removes or disables access to the content after receiving notification from a copyright holder that they have a "good faith belief" that the content is infringing—sometimes referred to as a "takedown" notice.  17 U.S.C. § 512(c).  The DMCA protects against abuses of these takedown procedures through § 512(f), which imposes damages liability on "[a]ny person who knowingly materially misrepresents under this section— (1) that material or activity is infringing, or that

material or activity was removed or disabled by mistake or misidentification[.]" 17 U.S.C. § 512(f).

Ninth Circuit law is decidedly clear that the question of whether a copyright holder who sent a takedown notice actually held a "good faith belief" of infringement "encompasses a **subjective, rather than objective standard**." *Lenz v. Universal Music Group*, 815 F.3d 1145, 1153-54 (9th Cir. 2016) (quoting *Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1004 (9th Cir. 2004) (emphasis added)). A copyright holder is required to consider fair use before sending a takedown notification. *Id*. "If, however, a copyright holder forms a subjective good faith belief the allegedly infringing material does not constitute fair use, [the courts] are in no position to dispute the copyright holder's belief even if [they] would have reached the opposite conclusion." *Id*. at 1154.

### B.    General Pleading Requirements

Under Federal Rule of Civil Procedure 8(a), "a pleading that states a claim for relief must contain: … (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Detailed factual allegations are not required, but the Rule does call for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), courts "accept as true all **well-pleaded** allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (emphasis added). Courts "are not, however, required to accept as true allegations that contradict exhibits attached to the [pleading] or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or

unreasonable inferences." *Id*. A pleading must recite "enough facts to state a claim to relief that is plausible on its face"—not merely "conceivable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.") "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the [pleading] has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV.    ARGUMENT

### A.    Counterclaim Count One Fails to Allege a Plausible § 512(f) Claim

Under Ninth Circuit precedent, to prevail on her § 512(f) claim, Bawtinheimer must show, among other elements, that Counterclaim-Defendants lacked a subjective good faith belief that her use of RRT's Logo was infringing, and not fair use, when they sent the takedown notices to YouTube. *Lenz*, 815 F.3d at 1153-54. Thus, "[t]o state a § 512(f) claim, [Bawtinheimer] must allege (1) a material misrepresentation in a takedown notice that led to a takedown, and (2) that the takedown notice was submitted in subjective bad faith." *Moonbug Enter. Ltd. v. Babybus (Fujian) Network Tech. Co.,* 2022 WL 580788, at *7 (N.D. Cal. Feb. 25, 2022) (citing *Rossi,* 391 F.3d at 1005). Counterclaim Count One fails both requirements. The takedown notices did not contain any material misrepresentations,[2] and, more critically for purposes of this Motion, Bawtinheimer fails to *plausibly* allege that the takedown notices were submitted in subjective bad faith.

Counterclaim Count One is riddled with overly generalized, factually unsupported allegations, conclusory statements, and hyperbole, especially as it relates

---

[2] Bawtinheimer asserts that the use of RRT's Logo was fair use and, therefore, not copyright infringement.

MOTION TO DISMISS COUNTERCLAIM COUNT ONE AND MEMORANDUM IN SUPPORT

to the issue of Counterclaim-Defendants' purported subjective beliefs. *See, e.g.*, ECF No. 26 at ¶¶ 74-81. Such allegations are not to be accepted as true and are insufficient to plead a plausible claim for relief. *Iqbal*, 556 U.S. at 675; *Daniels-Hall*, 629 F.3d at 998 ("We are not … required to accept as true … allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

### 1. Bawtinheimer's Unsupported Conjecture, Conclusory Statements, Legal Conclusions, and Hyperbole about Counterclaim-Defendants' Alleged Subjective Beliefs Are Not Entitled to an Assumption of Truth

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This principle applies with particular force where, as here, a pleading purports to allege another party's **subjective state of mind** – facts that the pleader does not and cannot know absent concrete, non-conclusory factual support.

Although Counterclaim Count One repeatedly asserts that Counterclaim-Defendants possessed "actual subjective knowledge," were "aware," or lacked a "good-faith basis" for concluding that Defendant's uses of the RRT Logo were infringing rather than fair use (ECF No. 26 at ¶¶ 74-81), those assertions are unsupported by factual allegations and amount to nothing more than speculation. Merely labeling such assertions as statements of "knowledge" or "belief" does not transform them into well-pleaded facts. Courts are not required to accept allegations as true where they are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall*, 629 F.3d at 998.

This defect is particularly evident in Paragraph 81 of the Counterclaim, which speculates about counsel's subjective beliefs and motives without pleading any facts from which such beliefs could plausibly be inferred. The Court should not accept as true Bawtinheimer's wild accusations directed at RRT's attorney Mr. Graif. ECF No.

MOTION TO DISMISS COUNTERCLAIM COUNT ONE AND MEMORANDUM IN SUPPORT

26 at ¶ 81 (alleging that he "has no possible excuse for getting things so wrong on fair use"; that "[i]t is impossible for Graif to have formed a good-faith belief that Bawtinheimer's above uses of the RRT Logo were anything other than fair uses"; and that he is "either lying to his clients by claiming he has experience in copyright and fair use law, or he committed perjury when submitting the above DMCA requests, or maybe both.").[3]  The Counterclaim fails to provide any factual basis for its hyperbolic allegations about Mr. Graif's subjective beliefs, which Bawtinheimer simply does not know.  The only plausible allegations in Paragraph 81 concern Mr. Graif's experience in practicing intellectual property law, but those allegations are insufficient to establish a plausible § 512(f) cause of action.  Indeed, and contrary to Bawtinheimer's suggestion (*contra id.*), "the fact that [RRT] retained outside counsel experienced in copyright law does not in any way plausibly support subjective bad faith." *See Ningbo Yituo Enter. Mgmt. Co., Ltd. v. GoPlus Corp.*, No. 5:24-cv-02548, 2025 WL 2995105, at *6 (C.D. Cal. Oct. 9, 2025) (dismissing § 512(f) claim).

Bawtinheimer's allegations in Paragraph 81, thus, amount to mere conjecture, which the Court should not accept as true.  *See Mujica v. AirScan Inc.*, 771 F.3d 580, 592 (9th Cir. 2014) ("Plaintiffs have the burden of pleading 'sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face,'' and a mere conjecture that conduct may have occurred … does not meet that burden." (emphasis in original) (quoting *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570))); *see also S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc) ("If the factual

[3] Not content to just engage in scorched earth tactics by filing this implausible counterclaim against RRT and its attorneys, attorney Marc Randazza's – but for the litigation privilege – defamatory statements directed at a highly experienced copyright attorney is the type of "conduct that brings disrepute to the entire legal profession." *Finton Construction, Inc. supra,* 238 Cal.App.4th at 204.  Perhaps no surprise from Mr. Randazza, who was disciplined in his home state of Nevada for ethical violations and had *pro hac vice* applications denied by at least two courts.  See, e.g., https://www.casemine.com/judgement/us/61600052b50db9a20c049a25.

MOTION TO DISMISS COUNTERCLAIM COUNT ONE AND MEMORANDUM IN SUPPORT

allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." (citing *Twombly*, 550 U.S. at 555)).

Similarly, Bawtinheimer's bare allegations in Paragraphs 71 and 74-77 are all unsupported conjecture attempting to recite legal elements of § 512(f) claim. Paragraph 71 alleges that "Counterclaim-Defendants violated 17 U.S.C. § 512(f) by knowingly materially misrepresenting that Bawtinheimer's use of the RRT Logo in a nominative fashion during a video critical of the RRT was copyright infringement. ECF No. 26 at ¶ 71. Paragraphs 74-77 allege—all "[o]n information and belief" and without supporting factual allegations—that "Counterclaim-Defendants had actual subjective knowledge that the use of the logo did not infringe on RRT's copyrights and it was fair use"; or, "in the alternative," either "were willfully blind to fair use prior to issuing their takedown notices under the DMCA" or, "failed to consider fair use prior to issuing their takedown notices under the DMCA." ECF No. 26 at ¶¶ 74-76. Just because Bawtinheimer says, for example, that Counterclaim-Defendants "knowingly materially misrepresented … Bawtinheimer's use," "had actual subjective knowledge" or "failed to consider fair use" does not make the allegations true or require the Court to accept them as true. On the contrary, these statements amount to nothing more than legal conclusions and unsupported conjecture about purported facts that Bawtinheimer cannot know to be true (and, indeed, are not true) and should not be accepted as true for purposes of this Motion to Dismiss.

Regarding the fair use allegations, the Court should not accept as true Bawtinheimer's allegations about whether her copying of RRT's Logo was, or should have been considered to be, fair use (*see, e.g.*, ECF No. 26 at ¶¶ 71-74, 77-81, 83), because that is a legal conclusion. *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). While fair use is "a mixed question of fact and law[,] … the ultimate question whether th[e] facts amount to a fair use is a legal question," *Google*

*LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1199 (2021); as is the question of "which way in the fair use analysis [each fair use factor under 17 U.S.C. § 107] points in a particular case, and by how much," *McGucken v. Pub Ocean Ltd.*, 42 F.4th 1149, 1158 (9th Cir. 2022).

Once these conclusory allegations are disregarded—as they must be—Counterclaim Count One consists of nothing more than a disagreement over fair use, not facts plausibly suggesting that Counterclaim-Defendants knowingly made any material misrepresentation when submitting takedown notices. Because speculative assertions about defendants' subjective beliefs are not entitled to an assumption of truth, they cannot support a claim under § 512(f), and Counterclaim Count One fails as a matter of law. *See Santos v. Cnty. of Humboldt*, No. 22-CV-07485-RMI, 2023 WL 2600449, at *2-3 (N.D. Cal. Mar. 21, 2023) (dismissing pleading under Rule 12(b)(6), considering allegations only after "[s]tripping away Plaintiff's hyperbole, his argumentation, and conclusory terms"); *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Daniels-Hall*, 629 F.3d at 998 (courts need not accept as true " allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

## 2.    Counterclaim Count One Improperly Applies an Objective Standard, Instead of a Subjective Standard

Instead of plausibly showing **subjective** bad faith, as is required by law, Counterclaim Count One asserts that Counterclaim-Defendants **objectively should have known** that Bawtinheimer's use of the Logo in her videos was fair use.  ECF No. 26 at ¶ 77 ("Any reasonable person, and certainly any reasonably competent attorney, would be able to determine upon any degree of inspection, that the above videos subjected to Counterclaim-Defendants' DMCA requests consisted exclusively of commentary and criticism about RRT and PBCC, and that the use of the RRT Logo in the videos was a fair use.").  Bawtinheimer can allege that "anyone" would agree with

10    4:25-cv-10864-JST

her fair use position, but that objective standard is simply not how courts in this Circuit assess a § 512(f) claim.

Moreover, Bawtinheimer's reasonable-person allegations blatantly ignore the Ninth Circuit's rejection of imposing such an objective standard in assessing a copyright holder's good faith belief under § 512. *Lenz*, 815 F.3d at 1153 ("Though Lenz argues Universal should have known the video qualifies for fair use as a matter of law, we have already decided a copyright holder need only form a subjective good faith belief that a use is not authorized." (citing *Rossi,* 391 F.3d at 1004)). The Ninth Circuit "explicitly held that 'the 'good faith belief' requirement in § 512(c)(3)(A)(v) encompasses a subjective, rather than objective standard.'" *Id*. at 1153-54 (quoting *Rossi*, 391 F.3d at 1004).

In support of that conclusion, the Ninth Circuit "observed that 'Congress understands this distinction'" between a subjective good faith belief and an objective standard, reasoning that:

> When enacting the DMCA, Congress could have easily incorporated an objective standard of reasonableness. The fact that it did not do so indicates an intent to adhere to the subjective standard traditionally associated with a good faith requirement....
>
> In § 512(f), Congress included an expressly limited cause of action for improper infringement notifications, imposing liability only if the copyright owner's notification is a knowing misrepresentation.

*Id*. at 1154 (quoting *Rossi*, 391 F.3d at 1004-05).

The Ninth Circuit, thus, held that "[a] copyright owner cannot be liable simply because an unknowing mistake is made, **even if the copyright owner acted unreasonably** in making the mistake. Rather, there **must be a demonstration of some actual knowledge of misrepresentation** on the part of the copyright owner." *Id*.

11

4:25-cv-10864-JST

MOTION TO DISMISS COUNTERCLAIM COUNT ONE AND MEMORANDUM IN SUPPORT

(quoting *Rossi*, 391 F.3d at 1004-05; and expressly acknowledging that "[n]either of these holdings are dictum") (emphasis added).

This subjective standard applies in the context of fair use. In that regard, the Ninth Circuit held in *Lenz* that, although a copyright holder is required to consider fair use before submitting a takedown notification, "[i]f … a copyright holder forms a subjective *good faith* belief the allegedly infringing material does not constitute fair use, we are in no position to dispute the copyright holder's belief even if we would have reached the opposite conclusion." *Id.* (emphasis in original).

A disagreement regarding the applicability of fair use cannot establish § 512(f) liability. Indeed, courts routinely reject § 512(f) claims where fair use is debatable. *See e.g., Hosseinzadeh v. Klein*, 276 F. Supp. 3d 34, 47 (S.D.N.Y. 2017) (dismissing a § 512(f) claim because defendants demonstrated a subjective good faith belief regarding fair use and stating that even if the court disagreed ultimately with that belief, it would still dismiss the claim); *Shaffer v. Kavarnos*, No. 23-cv-10059, 2025 WL 2299173, at *4 (S.D.N.Y. Aug. 7, 2025) (finding Plaintiff did not provide sufficient evidence to sustain a § 512(f) claim despite arguing that the content was "plainly fair use"). Because Bawtinheimer's factual allegations amount to such a disagreement (at best), they cannot establish § 512(f) liability and therefore fail to state a claim.

The additional allegations in Counterclaim Count One about what Counterclaim-Defendants were "aware" of or whether they had a "good-faith basis for claiming the uses of the RRT Logo were not fair uses" (ECF No. 26 at ¶¶ 78-81) all stem from and are infected by Bawtinheimer's erroneous objective "reasonable person" standard and, in any event, comprise unsupported conjecture. Such conclusory allegations are not entitled to an assumption of truth. *See supra*, at § IV.A.1.

Because Bawtinheimer has failed to allege a plausible § 512(f) claim, Counterclaim Count One should be dismissed for failure to state a claim.

MOTION TO DISMISS COUNTERCLAIM COUNT ONE AND MEMORANDUM IN SUPPORT

**B.      Dismissal Should Be With Prejudice and Without Leave to Amend**

As explained in Counterclaim-Defendants' opposition to Bawtinheimer's motion for preliminary injunction, Bawtinheimer cannot show a likelihood of success of any § 512(f) claim because Counterclaim-Defendants held a subjective good-faith belief that the takedowns were valid, after considering the possibility that these uses were fair before determining that they were not.  *See* ECF No. 31 at 16-17 (citing ECF No. 31-5, Graif Decl. at ¶ 8; ECF No. 31-7, Church Decl. at ¶ 6).  Accordingly, any amendment of Counterclaim Count One would be futile, and its dismissal should be with prejudice and without leave to amend.  *See Moonbug,* 2022 WL 580788, at *15 (dismissing § 512(f) counterclaim with prejudice because any further amendment would be futile).

## V.      CONCLUSION

For all of the foregoing reasons, Counterclaim-Defendants respectfully request that the Court dismiss Count One of Bawtinheimer's Counterclaims with prejudice.

DATED: April 24, 2026                    Respectfully submitted,

                                         BROWN RUDNICK LLP

                                         By:  /s/ Daniel A. Rozansky
                                              Joel S. Miliband
                                              4 Park Plaza, Suite 420
                                              Irvine, California 92614
                                              Telephone: (949) 752-7100
                                              Facsimile:  (949) 252-1514
                                              jmiliband@brownrudnick.com

                                              Michael R. Graif
                                              Seven Times Square
                                              New York, NY 10026
                                              Tel.: 212-209-4800
                                              mgraif@brownrudnick.com

                                              Daniel A. Rozansky
                                              2121 Avenue of the Stars, Suite 720
                                              Los Angeles, California 90067
                                              Telephone: (424) 525-0200
                                              Facsimile:  (424) 525-0201
                                              drozansky@brownrudnick.com

                                              Katherine C. Dearing (*pro hac vice*)
                                              1900 N Street, Fourth Floor
                                              Washington, D.C. 20036
                                              Tel.: 202-536-1700
                                              kdearing@brownrudnick.com

                                              *Attorneys for Plaintiff and Counterclaim-Defendant Rapid Relief Team (RRT) Ltd., and Counterclaim-Defendant Brown Rudnick LLP*

MOTION TO DISMISS COUNTERCLAIM COUNT ONE AND MEMORANDUM IN SUPPORT