BROWN RUDNICK LLP
Joel S. Miliband, #77438
jmiliband@brownrudnick.com
4 Park Plaza, Suite 420
Irvine, California 92614
Telephone: (949) 752-7100
Facsimile:  (949) 252-1514

Michael R. Graif
Seven Times Square, 46th Floor
New York, NY 10026
Tel.: 212-209-4800
mgraif@brownrudnick.com

Daniel A. Rozansky, #161647
drozansky@brownrudnick.com
2121 Avenue of the Stars, Suite 720
Los Angeles, California 90067
Telephone: (424) 525-0200
Facsimile:  (424) 525-0201

Katherine C. Dearing (*pro hac vice*)
1900 N Street, Fourth Floor
Washington, D.C. 20036
Tel.: 202-536-1700
kdearing@brownrudnick.com

*Attorneys for Plaintiff/Counterclaim-Defendant Rapid Relief Team (RRT) Ltd. and Counterclaim-Defendant Brown Rudnick LLP*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| RAPID RELIEF TEAM (RRT) LTD., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> vs. <br><br> CHERYL BAWTINHEIMER, <br><br> Defendant and Counterclaim-Plaintiff. <br><br> vs. <br><br> BROWN RUDNICK LLP, KATY-JADE CHURCH, and MICHAEL GRAIF, <br><br> Counterclaim-Defendants. | Case No. 4:25-cv-10864-JST <br><br> HON. JON S. TIGAR <br><br> **COUNTERCLAIM-DEFENDANTS RAPID RELIEF TEAM AND BROWN RUDNICK LLP'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM COUNT ONE** <br><br> DATE:  June 18, 2026 <br> TIME:   2:00 P.M. <br> CTRM:  Courtroom 6 – 2nd Floor <br><br> Action Filed:  December 19, 2025 <br> Amended Complaint Filed:  January 30, 2026 |

# TABLE OF CONTENTS

I.    INTRODUCTION ........................................................................................................ 1

II.   ARGUMENT ............................................................................................................... 1

    A.    The Counterclaim's Allegations Regarding RRT's Subjective State of Mind Are Conclusory, Not Entitled to an Assumption of Truth, and Insufficient to State a Plausible Claim under § 512(f) ........... 1

        1.    Fair Use Is Not the Only Possible Belief that Counterclaim-Defendants Could Have Had ......................................................... 3

        2.    The Motion to Dismiss Properly Addresses the Counterclaims' Fair Use Allegations ................................................................. 7

    B.    The Counterclaim Improperly Applies an Objective Standard That Taints Its Allegations About Counterclaim-Defendants' States of Mind ................................................................................................ 8

    C.    The Motion to Dismiss Is a Proper Mechanism Through Which to Dispose of the § 512(f) Counterclaim ..................................................... 10

III.  CONCLUSION ......................................................................................................... 11

REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM COUNT ONE

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................3

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................4

*Campbell v. Acuff-Rose Music, Inc.*,
   510 U.S. 569 (1994) ..................................................................................................5

*Cordova v. Huneault*,
   2026 U.S. Dist. LEXIS 13271 (N.D. Cal. Jan. 23, 2026) ...................................10

*Cordova v. Huneault*,
   No. 25-CV-04685-VKD, 2026 WL 951707 (N.D. Cal. Apr. 8, 2026) ..............10

*Daniels-Hall v. National Educ. Ass'n*,
   629 F.3d 992 (9th Cir. 2010) ....................................................................................3

*Elvis Presley Enters. v. Passport Video*,
   349 F.3d 622, 624 (9th Cir. 2003) ........................................................................5, 6

*Elvis Presley Enters. v. Passport Ent.*,
   No. CV 02-7042, 2005 WL 6211336 (C.D. Cal. Nov. 22, 2005) ........................6

*Google LLC v. Oracle Am., Inc.*,
   141 S. Ct. 1183 (2021) ..............................................................................................4

*Greenspan v. Qazi*,
   No. 20-CV-03426-JD, 2021 WL 2577526 (N.D. Cal. June 23, 2021) ..............10

*Lenz v. Universal Music Group*,
   815 F.3d 1145 (9th Cir. 2016) ..................................................................................8

*McGucken v. Pub Ocean Ltd.*,
   42 F.4th 1149 (9th Cir. 2022) ..................................................................................4

*Monge v. Maya Magazines, Inc.*,
   688 F.3d 1164 (9th Cir. 2012) ..................................................................................5

REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM COUNT ONE

*Moonbug Entm't Ltd. v. Babybus (Fujian) Network Tech. Co.*,
   No. 21-cv-06536, 2022 WL 580788 (N.D. Cal. Feb. 25, 2022) ................7, 8, 10

*Mujica v. AirScan Inc.*,
   771 F.3d 580 (9th Cir. 2014) ....................................................................................3

*Ningbo Yituo Enter. Mgmt. Co., Ltd. v. GoPlus Corp.*,
   No. 5:24-cv-02548, 2025 WL 2995105 (C.D. Cal. Oct. 9, 2025)..................9, 10

*Ouellette v. Viacom Int'l, Inc.*,
   No. CV 10-133-M-DWM-JCL, 2012 WL 1435703 (D. Mont. Apr.
   25, 2012) ........................................................................................................10

*Shande v. Zoox, Inc.*,
   No. 22-cv-05821-BLF, 2023 WL 5211628 (N.D. Cal. Aug. 14, 2023).............10

*Sosa v. AT&T*,
   No. 25-cv-01310-WHO, 2025 WL 3719229 (N.D. Cal. Dec. 23,
   2025) .............................................................................................................10

*Take-Two Interactive Software, Inc. v. PlayerAuctions, Inc.*,
   2026 U.S. Dist. LEXIS 72295 (C.D. Cal. Mar. 26, 2026) .................................11

*Walt Disney Prods. v. Air Pirates*,
   581 F.2d 751 (9th Cir. 1978) ...............................................................................5

**Statutes**

17 U.S.C.
   § 107(3)................................................................................................................5
   § 512(f) ......................................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ...............................................................................................1

REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM COUNT ONE

Plaintiff/Counterclaim-Defendant Rapid Relief Team Ltd. ("RRT") and Counterclaim-Defendant Brown Rudnick LLP ("Brown Rudnick") (collectively, "Counterclaim-Defendants") submit this Reply in support of their Motion to Dismiss Counterclaim Count One (ECF No. 33; "Motion") and in response to Defendant/Counterclaim-Plaintiff Cheryl Bawtinheimer's ("Bawtinheimer") Opposition (ECF No. 41; "Opp.").

## I.    INTRODUCTION

As set forth in the Motion, Counterclaim Count One should be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to state a plausible claim for relief under 17 U.S.C. § 512(f) and, instead, relies on conclusory allegations based on unsupported conjecture, hyperbole, and legal conclusions that are not entitled to an assumption of truth.  The Opposition responds by dialing up the hyperbole to the max, all while failing to identify any *non-conclusory allegation* that is sufficient to state a plausible § 512(f) claim.  The crux of Bawtinheimer's position remains based on a singular false premise and consequently faulty logic that the only belief that any reasonable person could possibly have was that Bawtinheimer's wholesale reproduction of RRT's Logo was fair use, so Counterclaim-Defendants must have believed the uses to have been fair when they sent the DMCA takedown notices to YouTube.  Such conclusory and ultimately circular assertions and legal conclusions are insufficient to plausibly allege Counterclaim-Defendants' actual knowledge or their subjective beliefs.  Nothing in the Opposition cures that fatal gap in Bawtinheimer's pleading.

## II.    ARGUMENT

### A.    The Counterclaim's Allegations Regarding RRT's Subjective State of Mind Are Conclusory, Not Entitled to an Assumption of Truth, and Insufficient to State a Plausible Claim under § 512(f)

The Counterclaim presupposes, wrongly, that fair use is the only reasonable conclusion that anyone could possibly reach in assessing Bawtinheimer's wholesale reproduction of RRT's Logo in her podcast videos.  *See* Motion at 10-12.  Based on

1

that erroneous supposition, the Counterclaim treats it as an absolute certainty that Counterclaim-Defendants subjectively believed that her uses of RRT's Logo were fair when submitting the takedown notices. *See id*. Beyond relying on that flawed logic, the Counterclaim alleges no facts regarding Counterclaim-Defendants' actual knowledge or subjective beliefs. Instead, the Counterclaim relies on conclusory assertions about Counterclaim-Defendants' states of mind, based entirely on unsupported conjecture, hyperbole, and legal conclusions. *See id*. at 7-10. Such conclusory assertions are not entitled to an assumption of truth and are insufficient to plausibly allege a cause of action under § 512(f).

The Opposition doubles down on that flawed logic, arguing that the Counterclaim alleges because Bawtinheimer's uses of RRT's Logo were "self-evidently" and "obviously" fair use that "[n]o reasonable person could have believed … was not fair use unless they were willfully blind, or they simply failed to consider all four factors." Opp. at 6-7, 10-11. The Opposition contends that the Counterclaim's allegations about Counterclaim-Defendants' states of mind are not conclusory (*id*.), but it fails to substantiate that position.

Instead, the Opposition just points back to the very same insufficient conclusory allegations and argues that the Counterclaim "directly alleges Church and Graif made material misrepresentations when submitting the DMCA notices and that Counterclaim-Defendants had actual knowledge Bawtinheimer was not infringing copyright when they sent the DMCA notices." Opp. at 6. For example, the Opposition asserts that Counterclaim-Defendants' takedown notices were intended to "to censor [her] rather than protect legitimate copyright interests" (*id*. at 12; *see also id*. at 1, 2-3, 8) but fails to reconcile how Counterclaim-Defendants' issuing of takedown notices regarding a select few videos out of the *hundreds* of videos on her YouTube channels, and how RRT's offer to allow Bawtinheimer to repost her videos without the infringing content, could possibly amount to censorship, particularly given that her videos do not provide any commentary on RRT's Logo. Indeed, Bawtinheimer does not even assert

that using RRT's Logo is essential or important to the substance of her videos. RRT's takedown notices to stop such gratuitous use of its copyrighted Logo in just five of her videos, and subsequent offers to allow her to repost of the videos without the infringing content, cannot rationally be deemed a "censorship campaign and SLAPP tactics to silence critics" (*contra* Opp. at 8), nor does it provide a plausible basis from which to infer subjective bad faith.

The Opposition does not identify any factual basis in the Counterclaim for its allegations regarding Counterclaim-Defendants' actual knowledge—nor can it, because no factual basis is alleged. Rather, the Counterclaim merely recites the elements of a cause of action under § 512(f) based on unsupported conjecture about purported facts that Bawtinheimer has no factual basis for alleging as being true. Such allegations are not entitled to an assumption of truth and are insufficient to plead a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *Mujica v. AirScan Inc.*, 771 F.3d 580, 592 (9th Cir. 2014); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### 1. Fair Use Is Not the Only Possible Belief that Counterclaim-Defendants Could Have Had

The sole alleged basis for Bawtinheimer's allegation that Counterclaim-Defendants lacked a good faith belief in the merits of RRT's takedown notice is the erroneous assertion that the only possible conclusion that any reasonable person could have reached was that her uses of RRT's Logo qualified as fair use. *Id.* at 6-7, 10-11. The Court should not accept such allegations as true because they are conclusory, argumentative statements and/or legal conclusions that are insufficient to plead a plausible claim for relief. *See Iqbal*, 556 U.S. at 678; *see also* Motion at 9-10.

*First*, the Counterclaim's and Opposition's assertions regarding whether Bawtinheimer's uses of RRT's Logo were fair, and whether a reasonable person or attorney would have believed such uses to be fair—while couched as factual allegations—are legal conclusions that are not entitled to an assumption of truth. *See*

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))); *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1199-1200 (2021) (holding that "the 'fair use' question [i]s a mixed question of fact and law; that reviewing courts should appropriately defer to the jury's findings of underlying facts; but that the ultimate question whether those facts showed a 'fair use' is a legal question for judges to decide de novo"); *McGucken v. Pub Ocean Ltd.*, 42 F.4th 1149, 1158 (9th Cir. 2022) ("'[H]ow much of the copyrighted work was copied' is a factual question, but which way in the fair use analysis that points in a particular case, and by how much, is a legal question." (quoting *Google*, 141 S. Ct. at 1120)). The Opposition concedes that "alleging something is a fair use does not conclusively prove it is a fair use for purposes of a motion to dismiss." Opp. at 4.

*Second*, notwithstanding that fair use is ultimately a legal conclusion for the Court to determine, the Opposition erroneously suggests that the Court should consider the Counterclaim's factual allegations regarding fair use and "determine the issue of fair use by just looking at the pleadings and exhibits[.]" Opp. at 4. As an initial matter, Bawtinheimer has not moved to dismiss RRT's copyright infringement claim, nor moved for judgment on the pleadings of Counterclaim Count Two. Moreover, because Counterclaim-Defendants' Motion seeks dismissal of only Counterclaim Count One regarding Bawtinheimer's § 512(f) claim and does not seek dismissal of Counterclaim Count Two for a declaratory judgment of fair use, the Court is not tasked here with determining whether Bawtinheimer's use of RRT's Logo ultimately qualifies as fair use.

*Third*, the Opposition grossly oversimplifies what is required in a fair use assessment, both generally and under the circumstances of this case. *See, e.g.*, Opp. at 4 ("stark raving fair use"), 6-7 ("obviously fair use"; "one needs to go no further than the title to see that this is fair use"; "self-evidently non-infringing fair use"; "how

REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM COUNT ONE

blindingly obvious it is that Bawtinheimer's videos at issue are making a fair use"; "textbook example of fair use"). The law is clear, however, that a fair use assessment "is not to be simplified with bright-line rules, for the statute, like the doctrine it recognizes, calls for case-by-case analysis." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577-78 (1994) ("Nor may the four statutory factors be treated in isolation, one from another. All are to be explored, and the results weighed together, in light of the purposes of copyright.").

Contrary to the Opposition's suggestion, Bawtinheimer's status as a critic of RRT does not give her free rein to use any and all of RRT's copyrighted materials under the umbrella of fair use. *See* 17 U.S.C. § 107(3) (requiring consideration of "the amount and substantiality of the portion used in relation to the copyrighted work as a whole"); *see also, e.g., Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1179 (9th Cir. 2012) (finding no fair use where defendant "used far more than was necessary to corroborate its story"); *Walt Disney Prods. v. Air Pirates*, 581 F.2d 751, 758 (9th Cir. 1978) ("By copying the images in their entirety, defendants took more than was necessary to place firmly in the reader's mind the parodied work and those specific attributes that are to be satirized.").

Contrary to the Opposition's bluster, this is the exact opposite of "the most obvious fair use in the history of copyright law." ECF No. 41 at 4. It is undisputed that Bawtinheimer's videos include the entirety of RRT's Logo but provide no commentary on it. *See* ECF No. 31 at 10, 13, 18, 19-20; *see generally* ECF No. 36 (not disputing that the videos provide no commentary on RRT's Logo). The Counterclaim does not allege, and the Opposition does not argue, that Bawtinheimer's podcast videos criticize RRT's Logo or that her wholesale reproductions of it were necessary to her criticisms of RRT in her videos.

Indeed, courts have found documentary videos that—like Bawtinheimer's podcasts—include, but do not comment on, others' copyrighted images do not constitute fair use. For example, in *Elvis Presley Enterprises, Inc. v. Passport Video*,

REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM COUNT ONE

the Ninth Circuit upheld a preliminary injunction enjoining a documentary filmmaker from selling and distributing a video biography about Elvis Presley that incorporated the plaintiff copyright owners' video clips, music, and photographs. *Id.*, 349 F.3d 622, 624 (9th Cir. 2003) (affirming district court's "h[o]ld[ing] that the film biographer in this case likely did not use the copyrighted materials fairly"), *overruled on other grounds as stated in Flexible LifeLine Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 995 (9th Cir. 2011) (per curiam). Regarding the copyrighted photographs, the documentary displayed them "as video filler while a commentator discusses a topic," but "[t]he photographs [we]re not highlighted or discussed as objects of the commentary like many of the video pieces [we]re." *Id*. at 625. Ultimately, the district court granted summary judgment that the documentary's unauthorized use of the copyrighted works, including the photographs, was not fair use, and entered a permanent injunction. *Elvis Presley Enters. v. Passport Ent.*, No. CV 02-7042 RSWL(RZX), 2005 WL 6211336, at *1-*2 (C.D. Cal. Nov. 22, 2005).

Like the *Elvis* documentary's use of copyrighted photos, Bawtinheimer's podcasts reproduced RRT's Logo in its entirety without providing any commentary on the Logo itself. This is not in any way meant to suggest that the Court should actually determine *at this stage of the proceedings* whether Bawtinheimer's use of RRT's Logo is or is not fair use. Counterclaim Count Two is not at issue in this Motion. Rather, the point is that the Opposition and Counterclaim vastly oversimplify the fair use analysis and overstate the strength of Bawtinheimer's fair use's position. Notwithstanding the Opposition's and Counterclaim's over-the-top expressions of confidence in advocating for fair use, the Court need not and should not accept her fair use allegations as true, let alone as a basis from which to infer subjective bad faith.

Accordingly, the Court should not accept as true Bawtinheimer's allegations regarding (a) what a reasonable person or attorney purportedly would have believed about fair use, which are legal conclusions couched as factual allegations, or (b) Counterclaim-Defendants' state of mind, of which she has no knowledge and for

which she has no basis for belief. At bottom, regardless of whether this Court should ultimately find on the merits that Bawtinheimer's uses of RRT's Logo qualify or do not qualify as fair use as a matter of law, the Counterclaim fails to sufficiently plead *actual knowledge* of a material misrepresentation, as required by § 512(f).

### 2. The Motion to Dismiss Properly Addresses the Counterclaims' Fair Use Allegations

The Opposition wrongly asserts that Counterclaim-Defendants' Motion to Dismiss fails to properly address the fair use allegations in the Counterclaim. Opp. at 5, 7. For example, the Opposition incorrectly argues that "Counterclaim-Defendants do not address [her fair use] allegations" or "ignore" them. *Id*. (referring to ECF No. 26 at Counterclaim ¶¶ 34-44, 48-57). Counterclaim-Defendants' Motion plainly acknowledges the Counterclaim's legal conclusion that Bawtinheimer's use of RRT's Logo was fair use and the substance of those referenced paragraphs. *See* Motion at 7-12. The referenced paragraphs of the Counterclaim merely provide background allegations regarding the videos and takedown notices at issue (which generally can be taken as true for the purpose of this Motion), speckled with argumentation, hyperbole, and legal conclusions about fair use that are not entitled to an assumption of truth. ECF No. 26 at ¶¶ 34-44, 48-57; *see supra* at § II.A.

The Opposition further erroneously asserts that "Counterclaim-Defendants do not even argue that Bawtinheimer's uses are not fair, thereby conceding the point." Opp. at 5. Counterclaim-Defendants have conceded nothing of the sort. Moreover, the Opposition's argument misses the point. What matters for purposes of this Motion to Dismiss is the Counterclaim's allegations regarding Counterclaim-Defendants' subjective beliefs at the time of submitting the takedown notices. To be clear, the relevant inquiry here is whether Counterclaim Count One pleads a plausible claim under § 512(f), which requires Bawtinheimer to sufficiently allege "(1) a material misrepresentation in a takedown notice that led to a takedown, and (2) that the takedown notice was submitted in subjective bad faith." *Moonbug Entm't Ltd. v.*

*Babybus (Fujian) Network Tech. Co.*, No. 21-cv-06536, 2022 WL 580788, at *7 (N.D. Cal. Feb. 25, 2022). Contrary to Bawtinheimer's suggestion, nothing in the pertinent pleading standard requires Counterclaim-Defendants or the Court to resolve at this stage in the proceedings the ultimate merits of Bawtinheimer's fair use defense or Counterclaim Count Two.

**B.** **The Counterclaim Improperly Applies an Objective Standard That Taints Its Allegations About Counterclaim-Defendants' States of Mind**

The Opposition's repeated focus on the purported "obvious" and "evident" merits of Bawtinheimer's fair use defense (Opp. at 6-7) only highlights the Counterclaim's improper employment of an ***objective*** standard in assessing her § 512(f) claim. The law is unequivocally clear, however, that to state a claim under § 512(f), Bawtinheimer must plausibly allege that Counterclaim-Defendants lacked a ***subjective*** good faith belief in the copyright infringement claim when submitting the takedown requests. *See Lenz v. Universal Music Group*, 815 F.3d 1145 (9th Cir. 2016); *see also* Motion at 5-7. "[T]o plausibly allege this [subjective bad faith] element, [the § 512(f) counterclaimant] must do more than show [the copyright owner] was mistaken or unreasonable in its assertion of DMCA notices — it must allege that [the copyright owner] had 'actual knowledge of misrepresentation.'" *Moonbug*, 2022 WL 580788, at *10 (quoting *Rossi v. Motion Picture Ass'n of Am. Inc.*, 391 F.3d 1000, 1005 (9th Cir. 2004)). As explained above, the Counterclaim fails to plausibly allege that Counterclaim-Defendants had actual knowledge of fair use and subjectively believed that Bawtinheimer's uses were fair when submitting the takedown notice and fails on that basis alone.

However, the Counterclaim also fails to plausibly allege any deliberate actions that Counterclaim-Defendants took to avoid learning about any potential fair use and, instead, relies only upon conclusory allegations. *Id*. at *10 ("[To allege that a copyright owner] was 'willfully blind' to material misrepresentations, [the § 512(f)

8                                                          4:25-cv-10864-JST
REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM COUNT ONE

counterclaimant] must allege that [the copyright owner] (1) subjectively believed there was a high probability that a fact existed, and (2) took deliberate actions to avoid learning the fact." (citing *Lenz*, 815 F.3d at 1155)). As the Opposition makes clear, the Counterclaim's "willful blindness" allegations are premised on the same conclusory assertions and flawed logic as its "actual knowledge" allegations, incorrectly presupposing that fair use is the only conclusion that anyone could possibly reach and baselessly suggesting that some indeterminate deliberate action must have been taken to avoid reaching that conclusion. *See* Opp. at 10-11. Such conclusory assertions are insufficient to plead a plausible claim for relief.

The Opposition suggests, without citing any authority, that a "different standard" for the state of mind element of § 512(f) should apply in this case because RRT utilized attorneys to send its takedown notices. Opp. at 9-10. The law does not impose such a different standard. Moreover, the utilization of experienced copyright counsel does not in any way suggest subjective bad faith by Counterclaim-Defendants; rather, if anything, it suggests a good faith belief in RRT's copyright infringement claims after considering fair use. *See Ningbo Yituo Enter. Mgmt. Co., Ltd. v. GoPlus Corp.*, No. 5:24-cv-02548, 2025 WL 2995105, at *6 (C.D. Cal. Oct. 9, 2025) (rejecting argument that the "use of outside counsel somehow demonstrates actual knowledge of the falsity of the representations in the DMCA takedown notices" and holding that "retain[ing] outside counsel experienced in copyright law does not in any way plausibly support subjective bad faith").

Contrary to the Opposition's assertion, in no way have RRT's attorneys attempted to "disclaim awareness" of copyright law and fair use. *Contra* Opp. at 11. Rather, Counterclaim-Defendants outright reject the notion that the only possible conclusion about Bawtinheimer's uses of RRT's Logo was that they qualified as fair use. *See supra* at § II.A.1. Bawtinheimer's flawed logic permeates and taints all of her arguments about alleged subjective bad faith. *Id*.

/ / /

REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM COUNT ONE

The Opposition unsuccessfully attempts to distinguish *GoPlus* on the ground that "Bawtinheimer alleges that RRT itself subjectively knew that the material was not an infringement, but authorized the DMCA notices anyway." Opp. at 11 (citing ECF No. 26 at Counterclaim ¶¶ 14-17, 21, 78-80). The cited paragraphs of the Counterclaim, however, do not plausibly allege RRT's subjective knowledge and, instead, consist of conclusory statements about Counterclaim-Defendants' purported knowledge based on nothing more than unsupported conjecture, hyperbole, and legal conclusions.

**C.     The Motion to Dismiss Is a Proper Mechanism Through Which to Dispose of the § 512(f) Counterclaim**

The Opposition wrFongly argues that the issue of Counterclaim-Defendants' good faith belief is a jury question that must proceed to discovery and cannot be resolved on a motion to dismiss. Opp. at 11-13. The Opposition misses the point: the allegations in Counterclaim Count One are insufficient to plead a plausible claim for relief under § 512(f).

To support its position that the Court should entertain Bawtinheimer's § 512(f) counterclaim at least to allow discovery, the Opposition relies on *Cordova v. Huneault*, 2026 U.S. Dist. LEXIS 13271, *16 (N.D. Cal. Jan. 23, 2026). Opp. at 12. The Opposition, however, ignores that the *Cordova* district court subsequently dismissed the defendant's § 512(f) counterclaim under Rule 12(b)(6) (*i.e.*, without discovery) based on its failure to plead a plausible claim for relief. *Cordova v. Huneault*, No. 25-CV-04685-VKD, 2026 WL 951707, at *4-6 (N.D. Cal. Apr. 8, 2026).

Indeed, courts in this District and elsewhere in the Ninth Circuit regularly dismiss § 512(f) claims for failure to plead a plausible claim for relief. *See, e.g.*, *Moonbug*, 2022 WL 580788, at *10-11 (N.D. Cal. Feb. 25, 2022); *Sosa v. AT&T*, No. 25-cv-01310-WHO, 2025 WL 3719229, at *6 (N.D. Cal. Dec. 23, 2025); *GoPlus*, 2025 WL 2995105, at *6 (C.D. Cal. Oct. 9, 2025); *Shande v. Zoox, Inc.*, No. 22-cv-05821-BLF, 2023 WL 5211628, at *3-4 (N.D. Cal. Aug. 14, 2023); *Greenspan v. Qazi*, No.

10                                                      4:25-cv-10864-JST

20-CV-03426-JD, 2021 WL 2577526, at *12 (N.D. Cal. June 23, 2021); *Ouellette v. Viacom Int'l, Inc.*, No. CV 10-133-M-DWM-JCL, 2012 WL 1435703, at *4 (D. Mont. Apr. 25, 2012), *aff'd*, 671 F. App'x 972 (9th Cir. 2016).

The Opposition's reliance on *Take-Two Interactive Software, Inc. v. PlayerAuctions, Inc.*, 2026 U.S. Dist. LEXIS 72295, at *7 (C.D. Cal. Mar. 26, 2026), is misplaced. There, unlike here, Take-Two's takedown notices sought removal of *thousands* of listings, including ones in which Take-Two apparently had no copyright rights. *Id*. at *3 ("many of the listings did not involve Take-Two's copyrighted property"). In contrast, RRT's takedown notices selectively identified just *five* out of the hundreds of videos on Bawtinheimer's YouTube channels based on their unlawful use of RRT's Logo. In addition, the § 512(f) claim in *Take-Two* alleged that Take-Two had "previously considered material similar to that in the listings to be fair use" (*id*. at *6), whereas Counterclaim Count One does not, and cannot, make any such allegation.

### III.   CONCLUSION

For these additional reasons, the Court should dismiss Counterclaim Count One.

/ / /

/ / /

/ / /

/ / /

REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM COUNT ONE

DATED: May 15, 2026          Respectfully submitted,

BROWN RUDNICK LLP


By:  /s/ Daniel A. Rozansky
     Joel S. Miliband
     4 Park Plaza, Suite 420
     Irvine, California 92614
     Telephone: (949) 752-7100
     Facsimile:  (949) 252-1514
     jmiliband@brownrudnick.com

     Michael R. Graif
     Seven Times Square
     New York, NY 10026
     Tel.: 212-209-4800
     mgraif@brownrudnick.com

     Daniel A. Rozansky
     2121 Avenue of the Stars, Suite 720
     Los Angeles, California 90067
     Telephone: (424) 525-0200
     Facsimile:  (424) 525-0201
     drozansky@brownrudnick.com

     Katherine C. Dearing (*pro hac vice*)
     1900 N Street, Fourth Floor
     Washington, D.C. 20036
     Tel.: 202-536-1700
     kdearing@brownrudnick.com

     *Attorneys for Plaintiff and Counterclaim-Defendant Rapid Relief Team (RRT) Ltd. and Counterclaim-Defendant Brown Rudnick LLP*

REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM COUNT ONE