Marc J. Randazza, CA Bar No. 269535
Alex J. Shepard, CA Bar No. 295058
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, Nevada 89147
Telephone: 702-420-2001
ecf@randazza.com

*Attorneys for Defendant and Counterclaim-Plaintiff,*
*Cheryl Bawtinheimer*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## (OAKLAND DIVISION)

| | |
|---|---|
| Rapid Relief Team (RRT) Ltd.,<br><br>        Plaintiff and Counterclaim-Defendant,<br><br>    vs.<br><br>Cheryl Bawtinheimer,<br><br>        Defendant and Counterclaim-Plaintiff,<br><br>    vs.<br><br>Brown Rudnick LLP, Katy-Jade Church, and Michael Graif,<br><br>        Counterclaim-Defendants. | Case No.: 4:25-cv-10864-JST<br>JUDGE: Hon. Jon S. Tigar<br><br>**DEFENDANT AND COUNTERCLAIM-PLAINTIFF CHERYL BAWTINHEIMER'S ADMINISTRATIVE MOTION TO EXPEDITE HEARING ON MOTION TO DEEM SERVED MICHAEL GRAIF AND KATY-JADE CHURCH OR, IN THE ALTERNATIVE, FOR AN ORDER PERMITTING ALTERNATIVE SERVICE** |

Pursuant to Local Rules 6-3 and 7-11, Defendant and Counterclaim-Plaintiff Cheryl Bawtinheimer respectfully requests that the Court set an expedited briefing schedule on her Motion to Deem Served Michael Graif and Katy-Jade Church or, in the Alternative, for an Order Permitting Alternative Service (ECF No. 50) and that the Court set a hearing date for the motion as soon as briefing is completed and the Court's schedule permits.

**1.0    INTRODUCTION AND BACKGROUND**

As explained in the Motion to Deem Served, Graif and Church have been formally served already due to Bawtinheimer's either total or substantial compliance with Rule 4 and

unquestionable actual notice of the Counterclaim. ECF No. 50 at 6-7. Their continued gamesmanship in claiming they have not yet been served is an attempt to stagger briefing and hearings regarding Bawtinheimer's Counterclaim and her motion for a preliminary injunction. The preliminary injunction hearing, in particular, would be greatly facilitated by the Court resolving the issues of notice and service of the Counterclaim so that an order granting the requested injunction may apply equally to Graif and Church.

## 2.0    ARGUMENT

An expedited briefing schedule and hearing date is necessary given the exigencies of this case, namely the upcoming hearing on Bawtinheimer's Motion for a Preliminary Injunction ("MPI") and the Motion to Dismiss her 17 U.S.C. § 512(f) Counterclaim ("MTD"). Counsel for Bawtinheimer has been diligently attempting to get Counterclaim-Defendants (and Plaintiff's attorneys) Graif and Church to acknowledge service for weeks, but they have continued to take the position they have not yet been served, despite both of them submitting declarations in support of RRT and Brown Rudnick's opposition to the MPI, Graif consenting to and receiving notice of the Counterclaim via ECF notification, and Graif heading up the parties' Rule 26(f) conference.

Graif and Church are engaged in dilatory tactics. Without expedited attention to the Motion to Deem Served, not all Counterclaim-Defendants would be required to attend the MPI and MTD hearing, thus requiring the Court to hold the same hearing twice. Furthermore, if Graif and Church have not been deemed served by the time of the MPI hearing, there may be questions as to the Court's ability to enter a preliminary injunction against them. As explained in the MPI and reply in support thereof, Bawtinheimer is suffering ongoing harm as a result of Graif and Church's actions. The Court should thus not delay the hearing on the MPI to resolve these service issues.

The hearing on the MPI and MTD is currently set for June 18, and the next available hearing date for the Motion to Deem Served is July 16. Due to the upcoming hearing on the MPI and MTD, there is good cause to hear the Motion to Deem Served on an expedited basis, as not doing so would result in duplicative hearings and rounds of briefing, which would fly in the face of Fed. R. Civ. P. 1's mandate that the rules be interpreted to efficiently litigate cases.  While Graif

has agreed to accept a waiver of service, service through this method will not avoid redundant hearings or motion briefing due to the extended return date built in to a waiver.

Hearing the Motion to Deem Served on an expedited basis would not prejudice Graif or Church. They are both sophisticated parties, they have actual notice of this action and the Counterclaim, and they have had ample opportunity to retain counsel for their defense. Neither the factual nor legal issues presented in the Motion to Deem Served are so complex that briefing it on an expedited basis would be difficult. The Court should require a response to the Motion to Deem Served within 5 days of granting this Motion and a reply within 2 days. It should then hear and decide the Motion to Deem Served before June 18, 2026.

Counsel for Bawtinheimer and RRT and Brown Rudnick conferred on May 16 and 18, 2026, in an attempt to resolve the need for this Motion. ECF Nos. 50-2 and 50-3 to 50-5. The parties have not been able to agree on expedited briefing schedule or hearing date.

**3.0     CONCLUSION**

For the foregoing reasons, the Court should grant this Motion, enter an order setting an expedited briefing schedule on the Motion to Deem Served, and both hear and decide the Motion to Deem Served prior to June 18, 2026.

Dated: May 18, 2026.                                      Respectfully submitted,

RANDAZZA LEGAL GROUP, PLLC
/s/ Alex J. Shepard
Marc J. Randazza, SBN 269535
Alex J. Shepard, SBN 295058
8991 W Flamingo Rd., Suite B
Las Vegas, NV 89147

*Attorneys for Defendant and Counterclaim-Plaintiff, Cheryl Bawtinheimer*

Case No. 4:25-cv-10864-JST

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 18, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Alex J. Shepard
Alex J. Shepard