BROWN RUDNICK LLP
Joel S. Miliband, #77438
jmiliband@brownrudnick.com
4 Park Plaza, Suite 420
Irvine, California 92614
Telephone: (949) 752-7100
Facsimile:  (949) 252-1514

Michael R. Graif
Seven Times Square, 46th Floor
New York, NY 10026
Tel.: 212-209-4800
mgraif@brownrudnick.com

Daniel A. Rozansky, #161647
drozansky@brownrudnick.com
2121 Avenue of the Stars, Suite 720
Los Angeles, California 90067
Telephone: (424) 525-0200
Facsimile:  (424) 525-0201

Katherine C. Dearing (*pro hac vice*)
1900 N Street, Fourth Floor
Washington, D.C. 20036
Tel.: 202-536-1700
kdearing@brownrudnick.com

*Attorneys for Plaintiff and Counterclaim-Defendant Rapid Relief Team (RRT) Ltd., and Counterclaim-Defendant Brown Rudnick LLP*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| RAPID RELIEF TEAM (RRT) LTD., | Case No. 4:25-cv-10864-JST |
| Plaintiff and Counterclaim-Defendant, | HON. JON S. TIGAR |
| vs. | |
| CHERYL BAWTINHEIMER, | **COUNTERCLAIM-DEFENDANTS' OPPOSITION TO DEFENDANT AND COUNTERCLAIM-PLAINTIFF CHERYL BAWTINHEIMER'S ADMINISTRATIVE MOTION TO TO EXPEDITE HEARING** |
| Defendant and Counterclaim-Plaintiff. | |
| vs. | |
| BROWN RUDNICK LLP, KATY-JADE CHURCH, and MICHAEL GRAIF, | |
| Counterclaim-Defendants. | |

COUNTERCLAIM-DEFENDANTS' OPPOSITION TO DEFENDANT/COUNTERCLAIM-PLAINTIFF
BAWTINHEIMER'S ADMINISTRATIVE MOTION TO EXPEDITE HEARING

Defendant and Counterclaim-Plaintiff Cheryl Bawtinheimer ("Bawtinheimer") ran to this Court with an emergency of her own making: repeated failure to properly serve Counterclaim-Defendants Michael Graif and Katy-Jade Church nearly seven weeks since the filing of the Answer and Counterclaim. The Court should not reward this manufactured urgency after weeks of delay with an expedited briefing schedule and hearing.

## I.    BACKGROUND

Plaintiff Rapid Relief Team (RRT) Ltd. ("RRT") filed its initial complaint on December 19, 2026, and its Amended Complaint on January 30, 2026. ECF No. 1; ECF No. 7. Plaintiff subsequently made multiple unsuccessful attempts to serve the Amended Complaint on Ms. Bawtinheimer in mid-March. ECF Nos. 31-8 (affidavit of attempted service by process server, who made three unsuccessful attempts on three consecutive days); 31-9 (affidavit of attempted service via mail, indicating the package was refused).[1] Shortly after these attempts, Bawtinheimer's counsel sent an outreach to RRT's counsel requesting a waiver of service form for RRT so that "you don't have to do all that pedantic stuff like making a formal waiver package." RRT subsequently sent to Bawtinheimer's counsel a waiver of service form. Declaration of Daniel A. Rozansky ("Rozansky Decl."), Ex. 1 (correspondence with M. Randazza).

On April 3, 2026, Bawtinheimer filed an Answer and Counterclaim against RRT as well as its counsel, Brown Rudnick LLP ("Brown Rudnick") and two attorneys at Brown Rudnick, Michael Graif ("Graif") and Katy-Jade Church ("Church"). ECF No. 26. On April 4, 2026, Bawtinheimer filed a Motion for Preliminary Injunction. ECF No. 27. The Motion for Preliminary Injunction was opposed only by Counterclaim-

---

[1] Plaintiff requested the affidavits of attempted service as it was preparing to seek leave for additional time to follow Hague Convention procedures, and then submitted them in support of its Opposition to the subsequently-filed Motion for Preliminary Injunction instead.

COUNTERCLAIM-DEFENDANTS' OPPOSITION TO DEFENDANT/COUNTERCLAIM-PLAINTIFF BAWTINHEIMER'S ADMINISTRATIVE MOTION TO EXPEDITE HEARING

Defendants RRT and Brown Rudnick. The Opposition contained an explicit statement that Counterclaim-Defendants took the position that Graif and Church had not been served. ECF No. 31 at 16, n.7. The parties then conducted the required Rule 26(f) Conference on April 30, 2026, at which Graif, present at the conference as counsel for RRT, offered to sign a waiver of service. Rozansky Decl. ¶4.

On May 4th – 31 days after filing its counterclaim – Bawtinheimer attempted to serve Graif personally for the first time.  Graif was out of town, and Bawtinheimer's process server attempted twice more in subsequent days. Graif was still out of town, and on the third try, the process server left the service package in front of Graif's residence door. ECF No. 45.  That same day, Bawtinheimer filed an affidavit of service with the Court (ECF No. 45), *without* having mailed the service package to Graif.

Bawtinheimer also sent a United Kingdom process server to attempt to serve Church at the Brown Rudnick office in the United Kingdom on May 12, 2026.  After being told that the office would not accept the service package on behalf of Ms. Church, the process server left it on the doorstep of the office. ECF No. 47-1. Bawtinheimer once again filed a proof of service as to Church with the Court (ECF No. 47), again without mailing the service package or certifying any compliance with United Kingdom law, much less the Hague Convention. ECF No. 47.

Upon realizing that these failed attempts were not effective service under the laws of New York and the United Kingdom, respectively, Bawtinheimer filed its "Motion to Deem Served Michael Graif and Katy-Jade Church or, in the Alternative, for an Order Permitting Alternative Service" and indicated it was "expedited under Local Rule 6-3." ECF No. 50. Counterclaim-Defendants' counsel contacted Bawtinheimer's counsel to explain that Local Rule 6-3 permits the instant motion, *i.e.*, an administrative motion to change time, but does not *automatically grant* it. Rozansky Decl., Ex. 2. Bawtinheimer then filed this motion. ECF No. 52.

//

COUNTERCLAIM-DEFENDANTS' OPPOSITION TO DEFENDANT/COUNTERCLAIM-PLAINTIFF
BAWTINHEIMER'S ADMINISTRATIVE MOTION TO EXPEDITE HEARING

## II.   ARGUMENT

The convoluted facts that led to Bawtinheimer filing this motion to expedite reflect a slapdash approach to process and rules that should not be encouraged or endorsed by this Court. Bawtinheimer is using the timing of the forthcoming hearing on the Motion for Preliminary Injunction and Counterclaim-Defendants' Motion to Dismiss Counterclaim One, scheduled for June 18, 2026, as an excuse for failing to properly follow the laws regarding service in the jurisdictions in which Graif and Church reside. Rather than properly completing service, Bawtinheimer immediately ran to this Court seeking the improper relief of an expedited schedule.  The Court's focus should be on the lack of service on Graif and Church, rather than the purported emergency of Bawtinheimer's making.

Bawtinheimer plainly did not follow the requirements under New York law for service on Graif. Indeed, New York law sets forth clear requirements for service: (1) personal service; (2) delivery to a place of business or residence AND by mailing it to their last known residence; (3) to their agent; or (4) affixing the summons to the door of their place of business or residence **AND** by mailing it. NY CPLR § 308 (2025). The affidavit of service that Bawtinheimer filed with the Court did not make any representation about mailing. ECF No. 45. The Motion to Deem Served admits that the affidavit of service for Graif was originally (and improperly) submitted without confirmation of mailing, ECF No. 50 at 7 n.2.  Indeed, it appears the summons was not mailed until May 20, 2026. ECF No. 55-1. New York CPLR 308(4) indicates that the affivadit of service may be filed only upon the *later* of the delivery or mailing; but Bawtinheimer filed with the Court the affidavit of service on May 8, 2026, the same day that the process server left the service package on Mr. Graif's doorstep. ECF No. 45; NY CPLR § 308(4).

Upon initial review of United Kingdom law, Bawtinheimer also does not appear to have effectively served Church. *See https://www.justice.gov.uk/courts/procedure-*

COUNTERCLAIM-DEFENDANTS' OPPOSITION TO DEFENDANT/COUNTERCLAIM-PLAINTIFF
BAWTINHEIMER'S ADMINISTRATIVE MOTION TO EXPEDITE HEARING

*rules/civil/rules/part06#6.3* (setting forth methods of service of a civil claim under United Kingdom law in Rule 6.3, including personal service and first class post).

The Federal Rules of Civil Procedure and procedural laws of New York and the United Kingdom are not suggestions to be ignored at the convenience of litigants seeking to cut corners. Bawtinheimer delayed for **31 days** after filing the counterclaim to even begin to attempt service in New York and then did not follow the rules and failed to mail the service package as required under New York CPLR 308(4). Bawtinheimer delayed for **39 days** before attempting service in the United Kingdom at all. The "emergency" set forth here is therefore completely of Bawtinheimer's own making. Dilatory tactics such as filing with this Court affidavits of service before service is properly complete should not be rewarded. Nor should wasting this Court's time seeking urg ent and unnecessary relief.

The Court should deny Bawtinheimer's request for expedited briefing and briefing should be based on the Court's regular rules for filing and responding to motions. *See* Local Rule 7-3. Indeed, the Court *need not* grant this expedited schedule in order to have a decision on Bawtinheimer's motion regarding service before the hearing on the Motion for Preliminary Injunction and Motion to Dismiss Counterclaim One. The Court could review the parties' submissions and decide the motion on a regular briefing schedule (i.e., require a response by June 1 and a reply by June 8) without granting this emergency relief. This motion is a misuse of judicial and legal resources, manufacturing an urgent situation that would not have existed but for the missteps of Bawtinheimer's counsel and its agents.

## III.    CONCLUSION

For at least the foregoing reasons, Counterclaim-Plaintiff Bawtinheimer's Administrative Motion to Expedite Hearing should be denied.

COUNTERCLAIM-DEFENDANTS' OPPOSITION TO DEFENDANT/COUNTERCLAIM-PLAINTIFF BAWTINHEIMER'S ADMINISTRATIVE MOTION TO EXPEDITE HEARING

DATED: May 22, 2026                BROWN RUDNICK LLP


By:   */s/ Daniel A. Rozansky*
Joel S. Miliband
4 Park Plaza, Suite 420
Irvine, California 92614
Telephone: (949) 752-7100
Facsimile:  (949) 252-1514
jmiliband@brownrudnick.com

Michael R. Graif
Seven Times Square
New York, NY 10026
Tel.: 212-209-4800
mgraif@brownrudnick.com

Daniel A. Rozansky
2121 Avenue of the Stars, Suite 720
Los Angeles, California 90067
Telephone: (424) 525-0200
Facsimile:  (424) 525-0201
drozansky@brownrudnick.com

Katherine C. Dearing (*pro hac vice*)
1900 N Street, Fourth Floor
Washington, D.C. 20036
Tel.: 202-536-1700
kdearing@brownrudnick.com

*Attorneys for Plaintiff and Counterclaim-Defendant Rapid Relief Team (RRT) Ltd.. and Counterclaim-Defendant Brown Rudnick LLP*

COUNTERCLAIM-DEFENDANTS' OPPOSITION TO DEFENDANT/COUNTERCLAIM-PLAINTIFF BAWTINHEIMER'S ADMINISTRATIVE MOTION TO EXPEDITE HEARING