BROWN RUDNICK LLP
Joel S. Miliband, #77438
jmiliband@brownrudnick.com
4 Park Plaza, Suite 420
Irvine, California 92614
Telephone: (949) 752-7100
Facsimile:  (949) 252-1514

Michael R. Graif
Seven Times Square, 46th Floor
New York, NY 10026
Tel.: 212-209-4800
mgraif@brownrudnick.com

Daniel A. Rozansky, #161647
drozansky@brownrudnick.com
2121 Avenue of the Stars, Suite 720
Los Angeles, California 90067
Telephone: (424) 525-0200
Facsimile:  (424) 525-0201

Katherine C. Dearing (*pro hac vice*)
1900 N Street, Fourth Floor
Washington, D.C. 20036
Tel.: 202-536-1700
kdearing@brownrudnick.com

Attorneys for Plaintiff and Counterclaim-Defendants
Rapid Relief Team (RRT) Ltd., and Counterclaim-Defendants
Brown Rudnick LLP, Katy-Jade Church, and Michael Graif

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| RAPID RELIEF TEAM (RRT) LTD.,<br><br>　　　　Plaintiff and Counterclaim-Defendant,<br><br>　　vs.<br><br>CHERYL BAWTINHEIMER,<br><br>　　　　Defendant and Counterclaim-Plaintiff.<br><br>　　vs.<br><br>BROWN RUDNICK LLP, KATY-JADE CHURCH, and MICHAEL GRAIF,<br><br>　　　　Counterclaim-Defendants. | Case No. 4:25-cv-10864-JST<br><br>HON. JON S. TIGAR<br><br>**COUNTERCLAIM-DEFENDANTS KATY-JADE CHURCH AND MICHAEL GRAIF'S MOTION TO DISMISS COUNTERCLAIM ONE AND MEMORANDUM IN SUPPORT**<br><br>DATE:　　August 27, 2026<br>TIME:　　2:00 P.M.<br>CTRM:　　Courtroom 6 – 2nd Floor<br><br>Action Filed:  December 19. 2025<br>Amended Complaint Filed:  January 30, 2026 |

1　　　　　　　　　　　　　　　　　　　　4:25-cv-10864-JST

MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 27, 2026, at 2:00 PM, or as soon thereafter as the matter may be heard in Courtroom 6 of the above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, Counterclaim-Defendants Katy-Jade Church and Michael Graif (collectively, "Attorneys"), will and hereby do move the Court for an order dismissing Defendant/Counterclaim-Plaintiff Cheryl Bawtinheimer's Counterclaim Count One for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted.

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), Counterclaim-Defendants seek an order by this Court that Bawtinheimer's Counterclaim Count One (ECF No. 26, at 19-21), which purports to allege a violation of 17 U.S.C. §512(f), lacks allegations sufficient to assert personal jurisdiction over the Attorneys and fails to state a claim upon which relief can be granted and that Counterclaim Count One is therefore dismissed with prejudice.

This Motion presents the following issues for the Court to decide: (1) whether this Court may exercise personal jurisdiction in connection with Counterclaim Count One over the Attorneys; (2) whether Counterclaim Count One fails to plead a plausible claim for relief under 17 U.S.C. §512(f); and (3) if so, whether Counterclaim Count One should be dismissed with prejudice.

Attorneys request that, in the interest of efficiency, this motion be heard along with Counterclaim-Defendant Rapid Relief Team (RRT) Ltd. and Brown Rudnick LLP's prior-pending motion to dismiss the same counterclaim, ECF No. 33.

///
///
///
///
///
///

2

4:25-cv-10864-JST

MOTION TO DISMISS

DATED: June 10, 2026            BROWN RUDNICK LLP


By:  /s/ *Daniel A. Rozansky*

Joel S. Miliband
4 Park Plaza, Suite 420
Irvine, California 92614
Telephone: (949) 752-7100
Facsimile:  (949) 252-1514
jmiliband@brownrudnick.com

Michael R. Graif
Seven Times Square
New York, NY 10026
Tel.: 212-209-4800
mgraif@brownrudnick.com

Daniel A. Rozansky
2121 Avenue of the Stars, Suite 720
Los Angeles, California 90067
Telephone: (424) 525-0200
Facsimile:  (424) 525-0201
drozansky@brownrudnick.com

Katherine C. Dearing (*pro hac vice*)
1900 N Street, Fourth Floor
Washington, D.C. 20036
Tel.: 202-536-1700
kdearing@brownrudnick.com

*Attorneys for Plaintiff and Counterclaim-Defendants Rapid Relief Team (RRT) Ltd.. and Counterclaim-Defendants Brown Rudnick LLP, Katy-Jade Church, and Michael Graif*

MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................1

I.      INTRODUCTION............................................................................................................1

II.     COUNTERCLAIM COUNT ONE SHOULD BE DISMISSED AGAINST THE
        ATTORNEYS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE
        12(B)(2)..........................................................................................................................2

        A.      Personal Jurisdiction ..........................................................................................2

        B.      General Jurisdiction Over Graif and Church is Improper. .......................3

        C.      Specific Jurisdiction Over Graif and Church is Improper......................4

                1.      Church and Graif Have Not Purposefully Directed Their
                        Conduct Toward the Northern District of California ...................4

                2.      Specific Personal Jurisdiction Over Church and Graif is
                        Unreasonable ...................................................................................5

                3.      The Court Should be Guided by *Doe v. Geller* ............................9

                4.      Bawtinheimer's Cited Authority Concerns California Plaintiffs
                        and is Therefore Inapposite .........................................................10

III.    COUNTERCLAIM COUNT ONE SHOULD BE DISMISSED AGAINST THE
        ATTORNEYS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE
        12(B)(6)........................................................................................................................10

IV.     CONCLUSION .............................................................................................................11

MOTION TO DISMISS

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Amaretto Ranch Breedables, LLC v. Ozimals, Inc.* (N.D. Cal. 2011)
     790 F.Supp.2d 1024 .............................................................................. 10

*Automattic Inc. v. Steiner* (N.D. Cal. 2015)
     82 F.Supp.3d 1011 ................................................................................ 10

*Brand v. Menlove Dodge* (9th Cir. 1986)
     796 F.2d 1070 ......................................................................................... 3

*Calder v. Jones* (1984)
     465 U.S. 783 ........................................................................................ 4, 5

*California Beach Co., LLC v. Han Xian Du* (N.D. Cal. Aug. 13, 2020)
     No. 19-CV-08426, 2020 WL 6276987 ................................................. 10

*Chung v. Chih-Mei* (N.D. Cal. 2024)
     714 F. Supp. 3d 1152.......................................................................... 2, 3

*Chung v. Yung-Hui* (9th Cir. July 16, 2025)
     No. 24-1318, 2025 WL 1950089 ........................................................... 2

*Data Disc, Inc. v. Systems Tech. Assocs., Inc.* (9th Cir.1977)
     557 F.2d 1280 ....................................................................................... 2,4

*Doe v. Geller* (N.D. Cal. 2008)
     533 F.Supp.2d 996 ........................................................................*passim*

*FDIC v. British-American Ins. Co.* (9th Cir. 1987)
     828 F.2d 1439 ....................................................................................... 5, 8

*Fenix Partners Grp., LLC v. T&T Global Logistics Servc's and Trading
     Joint Stock Co.*(N.D. Cal. Jan. 18, 2024)
     No. 22-cv-02653, 2024 WL 6840048  ............................................... 6, 7, 8

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.* (2021)
     592 U.S. 351 ............................................................................................ 3

*Goodyear Dunlop Tires Operations, S.A. v. Brown* (2011)
     564 U.S. 915 ............................................................................................ 3

MOTION TO DISMISS

*Harris Rutsky & Co. Ins. Servc's, Inc. v. Bell & Clements Ltd.* (9th Cir. 2003)
328 F.3d 1122 ........................................................................................6

*Ins. Co. of North Am. v. Marina Salina Cruz* (9th Cir. 1981)
649 F.2d 1266 ........................................................................................9

*Int'l Shoe Co. v. Washington* (1945)
326 U.S. 310 ........................................................................................2

*Picot v. Weston* (9th Cir. 2015)
780 F.3d 1206 ........................................................................................2

*Schwarzenegger v. Fred Martin Motor Co.* (9th Cir. 2004)
374 F.3d 797 ........................................................................................3, 4

*Silva v. Gonzales* (9th Cir. 2016)
667 Fed. Appx. 967 ........................................................................................3

*Watkins Fam. Tr. Dated 1/7/94 v. Wallace* (N.D. Cal. July 31, 2024)
No. 3:24-CV-02785-JSC, 2024 WL 4700797 ........................................................................................2

**Federal Statutes**

17 U.S.C. § 512 ........................................................................................1, 7, 8, 9

Digital Millenium Copyright Act (DMCA)
17 U.S.C. § 1201 et seq. ........................................................................................*passim*

**Other Authorities**

Federal Rules Civil of Procedure
Rule 12........................................................................................2, 10, 11

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendant and Counterclaim-Plaintiff Cheryl Bawtinheimer's § 512(f) counterclaim (ECF No. 26, at 19-21) should be dismissed on multiple grounds.

*First*, Bawtinheimer provides no credible basis for this Court to assert personal jurisdiction over either Katy-Jade Church ("Church") or Michael Graif ("Graif") (together, the "Attorneys"). Neither is domiciled in California. Church lives and works in the United Kingdom; Graif lives and works in New York. The Attorneys' submission of a handful of DMCA takedown requests to YouTube on behalf of their firm's client plainly does not constitute sufficient contacts to merit this Court's exercise of personal jurisdiction over Church or Graif, and to do so would be unreasonable. The counterclaim alleges no additional facts beyond these submissions to support a basis for personal jurisdiction to be asserted against either of the Attorneys. Counterclaim One should be dismissed with prejudice against Church and Graif for this reason alone.

*Second*, for the same reasons as those set forth in Counterclaim-Defendants Rapid Relief Team (RRT) Ltd. ("RRT") and Brown Rudnick LLP's ("Brown Rudnick") Motion to Dismiss Counterclaim One, ECF No. 33, Counterclaim One fails to state a claim upon which relief can be granted. Counterclaim One does not set forth any allegations sufficient to show that the Attorneys did not form a subjective good faith belief that the works at issue infringed their client's copyright prior to submission of DMCA takedown notices, which is the controlling legal standard. For that reason, as well, Counterclaim One should be dismissed with prejudice against Church and Graif.

/ / /

/ / /

/ / /

/ / /

## II. COUNTERCLAIM COUNT ONE SHOULD BE DISMISSED AGAINST THE ATTORNEYS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2).

Bawtinheimer alleges only that "[t]his Court has personal jurisdiction over Counterclaim-Defendants because each of them committed the complained-of actions directed at YouTube, which is located in California." ECF No. 26 ¶ 28. Submission of DMCA notifications to non-party YouTube is not sufficient to establish general or specific personal jurisdiction over the Attorneys. *See Doe v. Geller*, 533 F.Supp.2d 996, 1001 (N.D. Cal. 2008) (granting motion to dismiss for lack of personal jurisdiction where only YouTube – not the plaintiff or defendant – was located in California).

### A. Personal Jurisdiction

"In a motion challenging personal jurisdiction, the [counterclaim-]plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of establishing that jurisdiction exists." *Geller*, 533 F.Supp.2d at 1004 (signaling *Data Disc, Inc. v. Systems Tech. Assocs., Inc.,* 557 F.2d 1280, 1285 (9th Cir.1977)). "Because 'California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution,'" the Court's "inquiry centers on whether exercising jurisdiction comports with due process." *Watkins Fam. Tr. Dated 1/7/94 v. Wallace*, No. 3:24-CV-02785-JSC, 2024 WL 4700797, at *4 (N.D. Cal. July 31, 2024) (quoting *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015)). "In order for a court to exercise personal jurisdiction over a particular defendant, due process requires that the defendant have 'minimum contacts' with the chosen forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Chung v. Chih-Mei*, 714 F. Supp. 3d 1152, 1157 (N.D. Cal. 2024), *aff'd sub nom. Chung v. Yung-Hui*, No. 24-1318, 2025 WL 1950089 (9th Cir. July 16, 2025) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Personal jurisdiction may be general or specific. General

jurisdiction over individuals requires a substantial degree of contact with the forum, namely "continuous and systematic contacts… that approximate physical presence." *Silva v. Gonzales*, 667 Fed. Appx. 967, 968 (9th Cir. 2016) (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)). General jurisdiction "is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801 (signaling *Brand v. Menlove Dodge,* 796 F.2d 1070, 1073 (9th Cir. 1986) (collecting cases where general jurisdiction was denied despite defendants' significant contacts with forum)).

A court may also assert specific personal jurisdiction over a nonresident defendant. For a court to have specific personal jurisdiction, the defendant "must take some act by which it purposefully avails itself of the privilege of conducting activities in the forum state, and the claims must arise out of or relate to the defendant's contacts with the forum." *Chung*, 714 F.3d at 1157 (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351(2021)).

For the following reasons, Bawtinheimer has failed to meet her burden to show that this Court may exercise general or specific personal jurisdiction over the Attorneys.

**B.    General Jurisdiction Over Graif and Church is Improper.**

Under Supreme Court and Ninth Circuit precedent, general jurisdiction is plainly improper over both Church and Graif. Neither is domiciled in California. *Chung*, 714 F. Supp. 3d at 1157 ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile") (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, (2011)). Church resides and works in the United Kingdom. Declaration of Katy-Jade Church ("Church Decl.") ¶¶ 4-5. Graif resides and works in New York. Declaration of Michael Graif ("Graif Decl.") ¶¶ 4-5. And Bawtinheimer alleges no contacts that could possibly rise to the level of so "continuous and systematic" as to "approximate physical presence."

*Schwarzenegger*, 374 F.3d at 801. This Court may not exercise general jurisdiction over the Attorneys.

### C. Specific Jurisdiction Over Graif and Church is Improper.

The Ninth Circuit's three-part test to determine whether specific jurisdiction is appropriate requires a Court to assess: (1) whether the nonresident defendant "perform[ed] some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws"; (2) whether the claim "arises out of or results from the defendant's forum-related activities"; and (3) whether "exercise of jurisdiction [is] reasonable." *Geller*, 533 F.Supp.2d at 1005 (citing *Data Disc, Inc. v. Systems Tech. Assocs., Inc.,* 557 F.2d 1280, 1287 (9th Cir. 1977)). The purposeful availment analysis of this first prong generally means purposeful availment for suits sounding in contract and purposeful direction for suits sounding in torts. *Schwarzenegger*, 374 F.3d at 802. A showing of purposeful direction "usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum." *Id.* at 803. Purposeful direction is evaluated under the effects test in *Calder v. Jones,* 465 U.S. 783 (1984), which "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Geller*, 533 F.Supp.2d at 1005 (citation omitted). For the reasons set forth below, Bawtinheimer's claim fails elements one and three of the Ninth Circuit test, as the allegations demonstrate neither purposeful direction toward this forum nor that the exercise of jurisdiction is reasonable.

### 1. Church and Graif Have Not Purposefully Directed Their Conduct Toward the Northern District of California

Specific personal jurisdiction is not appropriate over Graif or Church because neither has purposefully directed their conduct toward this forum. Bawtinheimer alleges only one "contact" between each of Church and Graif and the forum state: their respective submissions of D.M.C.A. takedowns to YouTube. ECF No. 26 ¶ 28. This is

insufficient to establish specific personal jurisdiction. Under the last element of the *Calder* effects test, the act of submitting a D.M.C.A. takedown, even presuming it was "expressly aimed" at California because that is the location of YouTube's headquarters, is not *causing harm* that is likely to be suffered in California. *See Geller*, 533 F.Supp.2d at 1007 (finding the extent of defendants' interjection into California through submission of a takedown notice to YouTube "not substantial" "because, although the takedown notice was sent to California, it was not aimed at any California resident."). Indeed, the harm alleged by Bawtinheimer, to the extent any exists, occurred through alleged acts that were committed in the United Kingdom (Church) and New York (Graif), and would be felt in Alberta, Canada, where Bawtinheimer is located. Church Decl. ¶ 6; Graif Decl. ¶ 6. Given that the acts were not committed in California and that the purported harm would not be felt in California, there can be no specific personal jurisdiction over Church or Graif under the *Calder* effects test.

**2.    Specific Personal Jurisdiction Over Church and Graif is Unreasonable**

In evaluating the reasonableness of exercising personal jurisdiction in a particular case, the Ninth Circuit considers seven factors:

> (1) the extent of the defendants' purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.

*FDIC v. British-American Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987). In performing this analysis, due process requires that "the defendant's expectations and burdens should be weighed more heavily than the plaintiff's hardships." *Id.* at 1445.

/ / /

All of the factors either weigh against the exercise of personal jurisdiction or are neutral.

The first factor weighs heavily against personal jurisdiction. Just as the Attorneys did not purposefully direct their conduct toward California, they also did not purposefully interject themselves into the affairs of California. *Fenix Partners Grp., LLC v. T&T Global Logistics Servc's and Trading Joint Stock Co.*, No. 22-cv-02653, 2024 WL 6840048, at *7 (N.D. Cal. Jan. 18, 2024) ("The purposeful interjection factor in the reasonableness analysis is analogous to the purposeful direction factor.") (citation omitted). The two takedown notices sent by Church and two takedown notices sent by Graif were not submitted from California or by residents of California, nor were they aimed at any California resident. Church Decl. ¶¶ 4-6; Graif Decl. ¶¶ 4-6. Therefore, the Attorneys' "purposeful interjection into California is not extensive" and this factor weighs in favor of the Attorneys and against finding personal jurisdiction. *Geller*, 533 F.Supp.2d at 1007.

The second factor, which evaluates the burden on defendants in defending in the forum, weighs in favor of the Attorneys. Although Brown Rudnick has offices in California, Church lives and works in the United Kingdom and Graif lives and works in New York, both of which are thousands of miles and several time zones away from California. Church Decl. ¶¶ 4-5; Graif Decl. ¶¶ 4-5. Nor does either routinely travel to California on business. Church Decl. ¶ 5; Graif Decl. ¶ 5; *contra Harris Rutsky & Co. Ins. Servc's, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1133 (9th Cir. 2003) (finding the fact that the defendants "frequently travel to California on business" reduced the burden on them to participate in litigation in the forum). Therefore, this factor weighs against the exercise of personal jurisdiction over the Attorneys.

The third factor (the extent of the conflict with the sovereignty of the defendants' state) weighs more strongly in favor of Church, who is a citizen of the United Kingdom. Church Decl. ¶ 4; *see Geller*, 533 F.Supp.2d at 1008 ("[L]itigation against an alien defendant creates a higher jurisdictional barrier than litigation against

a citizen from a sister state because important sovereignty concerns exist.") (citation omitted). However, "[t]he court should not dwell upon this consideration." *Id.* (citation omitted).

The fourth factor, evaluating the forum state's interest in adjudicating the dispute, weighs strongly against personal jurisdiction. YouTube (unlike Bawtinheimer, RRT, Brown Rudnick, Graif, and Church) is based in California, but it is not a party to this litigation. The plaintiff in *Geller* argued that California nonetheless had an interest in protecting YouTube videos from improper takedown notices and in protecting free speech. 533 F.Supp.2d at 1008. As the court in *Geller* explained in finding this factor weighed against jurisdiction, such an argument leads to "unreasonable consequences." *Id.* The court observed that under plaintiff's theory (and Bawtinheimer's), "the Northern District of California could assert jurisdiction over every single takedown notice ever sent to YouTube" and that "such broad jurisdiction, premised solely on the happenstance that many internet companies that are not even parties to § 512(f) litigation have offices in Silicon Valley, is unreasonable. The Northern District of California is not an international court of internet law." *Id.* at 1009. Therefore, the court in *Geller* found – as should this Court – that California's interest in the case was slight and this factor weighs against jurisdiction.

The fifth factor, the most efficient judicial resolution of the controversy, is likely neutral. This factor "is no longer weighed heavily given the modern advances in communication and transportation." *Fenix*, 2024 WL 6840048, at *8 (quoting *Harris Rutsky*, 328 F.3d at 1133). The underlying copyright infringement claim was brought in this District because it was the only district where RRT (an Australian company) could bring a litigation to enforce its copyright against Bawtinheimer (a Canadian citizen) and Bawtinheimer consented to jurisdiction in this District. ECF No. 7 at ¶ 8. However, the key evidence and witnesses as to the claims against Church and Graif is necessarily located with them in the United Kingdom and New York, respectively, so / / /

this factor is neutral. *Fenix*, 2024 WL 6840048, at *8 ("Thus, given that at least three forums contain witnesses and evidence relevant to this action… this factor is neutral.").

The sixth factor, the importance of California to the plaintiff's interest in convenient and effective relief, is similarly neutral. Copyright law is federal, and no California state laws have been invoked by either party. The only reason California is "convenient" is because Bawtinheimer's counternotification submission required her to agree to have the *copyright infringement* claim litigated in the district where YouTube is located. ECF No. 7 at ¶ 8; *see* 17 U.S.C. §512(g)(3) (requiring a statement of consent "to the jurisdiction of Federal District Court for the judicial district in which the address is located, or if the subscriber's address is outside of the United States, for any judicial district in which the service provider may be found…") The convenience of Bawtinheimer in bringing this counterclaim in the jurisdiction where the original claim was brought must be balanced against the inconvenience of Graif and Church, who reside and work thousands of miles away. In any event, however, as with factors three and five, "courts assign little weight to this factor." *Fenix*, 2024 WL 6840048, at *9.

The seventh factor, the unavailability of an alternative forum, must be proven by the plaintiff. *FDIC*, 828 F.2d at 1445 (finding the plaintiff had "not met its burden of proving that it would be precluded from suing [defendant] outside of California"). Bawtinheimer makes no attempt, or even statement, regarding the availability or unavailability of an alternative forum, nor could she with regard to Graif, considering his residence in New York.

Therefore, the foregoing factors when taken together weigh heavily against the reasonableness of personal jurisdiction in these circumstances.

There are also additional factors not specifically weighed in the test above that should be considered in determining the reasonableness of the exercise of jurisdiction against the Attorneys. "There is no mechanical or quantitative test for jurisdiction under the *International Shoe* reasonableness standard, and we shall not attempt to list

all the factors that might, in a difference case, be part of an assessment of the reasonableness of subjecting a defendant to jurisdiction." *Geller*, 533 F.Supp.2d at 1007 (quoting *Ins. Co. of North Am. v. Marina Salina Cruz*, 649 F.2d 1266, 1270 (9th Cir. 1981)). First, it would be unreasonable to assert personal jurisdiction over the Attorneys because they were submitting those notices on behalf of their client, RRT. While both Church and Graif signed takedown notices, the signature and contact information for those notices may be provided by either the copyright owner or an authorized representative of the owner. 17 U.S.C. § 512(c)(3)(A). Finally, the Court should consider the gamesmanship at play here in connection with Graif. After Graif initially entered his appearance on behalf of RRT in the underlying copyright infringement lawsuit, Bawtinheimer filed a counterclaim against him specifically and then, counsel sent correspondence stating that Graif now needed to withdraw from representing RRT because he was a party and witness in the case as well as another party's attorney. Graif Decl., Ex. 1. Bawtinheimer should not be permitted to sue Graif in an attempt to disqualify him from representing RRT in the copyright infringement litigation.

### 3.    The Court Should be Guided by *Doe v. Geller*

The *Geller* decision is squarely on point. The court found jurisdiction unreasonable and unfair when asserted over a dispute between defendants (a British private company and an English resident) who sent a takedown notice to YouTube, and the plaintiff, a resident of Pennsylvania, who alleged a § 512(f) claim. *Id.* at 1010. Although the court "decline[d] to rule on the purposeful direction prong of the jurisdiction test," it found that the plaintiff's "case for personal jurisdiction flounder[ed] immediately once the court considers the third prong of the jurisdiction test, which is that jurisdiction must be reasonable." *Id.* at 1006. In weighing the seven factors set forth by the Ninth Circuit to evaluate the reasonableness of exercising personal jurisdiction, the court is attempting to determine if "under the totality of the circumstances the defendant could reasonably anticipate being called upon to present

a defense in a distant forum." *Id.* (citing *FDIC*, 828 F.2d at 1442). The court determined that here the single communication sent from outside the United States to California, where none of the parties are located, was unreasonable. Assertion of specific personal jurisdiction over Graif and Church would be similarly unreasonable.

**4.    Bawtinheimer's Cited Authority Concerns California Plaintiffs and is Therefore Inapposite**

In the Joint Case Management Statement, ECF No. 54, Bawtinheimer cited three cases for the proposition that a party may be subject to personal jurisdiction in the Northern District of California by virtue of submitting D.M.C.A. takedown requests to YouTube: *Automattic Inc. v. Steiner*, 82 F.Supp.3d 1011 (N.D. Cal. 2015); *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, 790 F.Supp.2d 1024 (N.D. Cal. 2011); and *California Beach Co., LLC v. Han Xian Du*, No. 19-CV-08426, 2020 WL 6276987 (N.D. Cal. Aug. 13, 2020). All of these cases share the same critical feature: unlike in *Geller*, the *plaintiff* was a California entity. Indeed, the court in *Automattic* specifically distinguished its holding from *Geller* on that basis. 82 F.Supp.3d at 1025 ("Unlike the Pennsylvania-based plaintiff in *Geller* unlikely to sustain injury in California, Plaintiff Automattic has its principal place of business and alleges economic and reputational damages in California."). These cases, therefore, do not disturb the conclusion that *Geller* compels: specific personal jurisdiction is not appropriate where no party to the dispute is located in California.

**III.    COUNTERCLAIM COUNT ONE SHOULD BE DISMISSED AGAINST THE ATTORNEYS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).**

The Attorneys adopt in full the arguments set forth in Counterclaim-Defendants Rapid Relief Team (RRT) Ltd. and Brown Rudnick LLP's Motion to Dismiss Counterclaim One and Memorandum in Support (ECF No. 33) and Counterclaim-Defendants Rapid Relief Team and Brown Rudnick LLP's Reply in Support of Motion to Dismiss Counterclaim One (ECF No. 49).

## IV.    CONCLUSION

For at least the foregoing reasons, Counterclaim-Defendants Katy-Jade Church and Michael Graif respectfully request that the Court dismiss Counterclaim One for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

DATED: June 10, 2026                Respectfully submitted,

BROWN RUDNICK LLP


By:  /s/ *Daniel A. Rozansky*
     Joel S. Miliband
     4 Park Plaza, Suite 420
     Irvine, California 92614
     Telephone: (949) 752-7100
     Facsimile:  (949) 252-1514
     jmiliband@brownrudnick.com

     Michael R. Graif
     Seven Times Square
     New York, NY 10026
     Tel.: 212-209-4800
     mgraif@brownrudnick.com

     Daniel A. Rozansky
     2121 Avenue of the Stars, Suite 720
     Los Angeles, California 90067
     Telephone: (424) 525-0200
     Facsimile:  (424) 525-0201
     drozansky@brownrudnick.com

     Katherine C. Dearing (*pro hac vice*)
     1900 N Street, Fourth Floor
     Washington, D.C. 20036
     Tel.: 202-536-1700
     kdearing@brownrudnick.com

     *Attorneys for Plaintiff and Counterclaim-Defendants Rapid Relief Team (RRT) Ltd., and Counterclaim-Defendants Brown Rudnick LLP, Katy-Jade Church, and Michael Graif*

MOTION TO DISMISS