Marc J. Randazza, CA Bar No. 269535
Alex J. Shepard, CA Bar No. 295058
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, Nevada 89147
Telephone: 702-420-2001
ecf@randazza.com

*Attorneys for Defendant and Counterclaim-Plaintiff,*
*Cheryl Bawtinheimer*

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## (OAKLAND DIVISION)

| | |
|---|---|
| Rapid Relief Team (RRT) Ltd., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> vs. <br><br> Cheryl Bawtinheimer, <br><br> Defendant and Counterclaim-Plaintiff, <br><br> vs. <br><br> Brown Rudnick LLP, Katy-Jade Church, and Michael Graif, <br><br> Counterclaim-Defendants. | Case No.: 4:25-cv-10864-JST <br> JUDGE: Hon. Jon S. Tigar <br><br><br> **Cheryl Bawtinheimer's Response to Notice to the Court Regarding Factual Statements Made in June 18, 2026 Hearing** |

Defendant and Counterclaim-Plaintiff Cheryl Bawtinheimer submits this response to Counterclaim-Defendants' Notice Regarding Factual Statements Made in June 18, 2026, Hearing (ECF No. 71).  The "Notice" is a rogue filing and should be struck, as it contains new arguments and evidence in connection with the pending Motion for a Preliminary Injunction. These new arguments should be substantively rejected as well as being rejected because we do not litigate by simply throwing rogue documents into a file.  *See* L.R. 7-3(d) ("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval," with two exceptions that do not apply here).

There are two significant problems with the argument advanced in the "Notice." The first is that Counterclaim-Defendants only purport to show evidence of how videos can be *blurred*.

But Counterclaim-Defendants hide the ball from the Court.

Counterclaim-Defendants do not tell the Court the full technical story here.

Counterclaim-Defendants do *not* acknowledge that any such blurring cannot be undone. YouTube does not allow such a process. Per YouTube's Help Center, "[o]nce you save your edited video, you will not be able to revert the changes." YouTube Help, "Remove claimed content from videos"[1]; Jack Friks, "5 Ways to Clip a YouTube Video (One is Permanent)," POST BRIDGE (Dec. 21, 2025)[2] (noting that edits in YouTube Studio, including blur, are now permanent after saving and the original unedited version can only be restored by re-uploading a backup). While it thus *may* be possible to blur a portion of a video under normal circumstances, it would not be possible to undo that change. Taking RRT up on its suggestion would thus cause Bawtinheimer to suffer the irreparable harm discussed in her preliminary injunction briefing; removing the blur would require re-uploading the videos, thus losing all user comments and engagement metadata.

Therefore, Counterclaim-Defendants paint themselves into a corner – again showing that what they are trying to do is destroy the connections that Bawtinheimer has made with her network of people trying to escape from the cult. *See* ECF Nos. 36-2 (Decl. of Bawtinheimer), 36-3 (emails from victims) and 36-9 (letters of support from former members).

The second problem is one of Counterclaim-Defendants' own making. The undersigned signed in to YouTube and could not replicate the steps outlined in the "Notice." There appear to be conditions on editing videos that have a certain amount of traffic or age. However, rather than leave the investigation at that, Bawtinheimer tried to replicate the steps as well. She could not. The reason for this is due to Counterclaim-Defendants' own actions. One of the consequences of the strikes on her account, *placed there by Counterclaim-Defendants*, is that **she is not permitted to edit the videos.**

---

[1] Available at: https://support.google.com/youtube/answer/2902117?hl=en(last.
[2] Available at: https://www.post-bridge.com/blog/how-to-clip-a-youtube-video.



*Figure 1: The Court can see that Bawtinheimer cannot edit videos, because of the DMCA strike.*

Accordingly, while Counterclaim-Defendants present this as a "simple way to just do what we tell you to," that is not so. In fact, Counterclaim-Defendants have now unexpectedly shown *more* irreparable harm to Ms. Bawtinheimer. Even if she *wanted to* edit her videos, she cannot, because of the abusive strikes that Counterclaim-Defendants placed on her account.

For years, this has been a known issue with videos subject to copyright claims. *See* YouTube Help Community post dated August 13, 2020, "Why is the Trim Option Not Available for certain videos"[3] (February 23, 2021, comment noting that videos subject to copyright claims are restricted in their ability to be edited using tools like trimming and blurring).

Therefore, if Counterclaim-Defendants lifted the strikes (as the requested injunction would require them to do), the videos *might then* be editable. Counterclaim-Defendants have not shown this, but even if it were possible, such edits would be irreversible. While Bawtinheimer could, after she wins on Fair Use, re-upload the originals, this (as discussed above) would sever the backlinks, sever the connections, sever the discussions, and fray the community that she has

---

[3] Available at: https://support.google.com/youtube/thread/64557443.

created. Counterclaim-Defendants know this. This is their intent. This in no way alleviates the irreparable harm Bawtinheimer has shown. Counterclaim-Defendants' argument here seems to boil down to "we want to censor your content, and if you let us censor it, we will take our foot off your neck." But even if they did, Bawtinheimer would not be able to get back what they took.

A censor does not get to prevail in its desire for censorship by arguing "it would be easy for our victim to just limit her expression to our approved version." Even if it were possible to edit the videos, *without the injunction lifting the DMCA strikes*, Ms. Bawtinheimer would not do it. Her commentary on RRT and its website **requires the logo** so people know what she is even talking about. As in *Bouchat v. Balt. Ravens Ltd. P'ship,* 737 F.3d 932, 941 (4th Cir. 2013), commentary about the Baltimore Ravens is absurd without showing the Ravens on the field, with the Ravens' logo present.

Similarly, here, the Court can see just one example of what RRT and Counterclaim-Defendants maintain, steadfastly, is *not* Fair Use (ECF No. 26-22):



*Figure 2: Showing absolute clarity of fair use.*

The censored victim of abusive DMCA campaigns is not transformed into the wrongdoer because the bullying censor thinks it is "no big deal" for her to just censor herself to get them to leave her alone. Blurring the half a bird here would fundamentally change the nature of the commentary and criticism. Even if there would be no permanence to the edits, and a requirement to re-upload later with different URLs, the demand is still unreasonable. It would be as if this Court in *Dhillon v. Doe* had required the defendant in that case to blur out Ms. Dhillon's face on its critique of her. 2014 U.S. Dist. LEXIS 24676, *14-15 (N.D. Cal. Feb. 25, 2014) (use of plaintiff's copyrighted headshot to criticize plaintiff was "paradigmatic fair use" and was "transformative because it served the purpose of criticism, rather than identification").

Counterclaim-Defendants' argument is made more problematic by the fact that RRT's entire website is copyrighted. By the reasoning advanced in their briefing and "Notice," Bawtinheimer would have to blur every screenshot of RRT's website while criticizing RRT, completely neutering the intended effect of her videos. For example, this image, taken from the same video and displaying RRT's website, would need to be *completely* blurred out to eliminate any display of copyrighted material. (ECF No. 26-22; ECF No. 26 at ¶ 55):



*Figure 3: Again, obvious fair use from the Complaint (ECF No. 7).*

The Court can, and should, enter the requested injunction.  Watching the videos will make it starkly apparent that this is in no way anything but Fair Use.  *See* ECF Nos. 26-15 to 26-16 and 26-20 to 26-22.

In this rogue filing, Counterclaim-Defendants have simply proven further harm being caused by their unsupportable DMCA notices.  If the Court declines to grant the preliminary injunction, Bawtinheimer respectfully requests that the Court at least grant the injunction pending appeal to the Ninth Circuit.

Dated: June 25, 2026.                              Respectfully submitted,

                                                  RANDAZZA LEGAL GROUP, PLLC
                                                  /s/  Marc J. Randazza
                                                  Marc J. Randazza, SBN 269535
                                                  Alex J. Shepard, SBN 295058
                                                  8991 W Flamingo Rd., Suite B
                                                  Las Vegas, NV 89147

                                                  *Attorneys for Defendant and Counterclaim-Plaintiff, Cheryl Bawtinheimer*

Case No. 4:25-cv-10864-JST

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 25, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza