BROWN RUDNICK LLP
Joel S. Miliband, #77438
jmiliband@brownrudnick.com
4 Park Plaza, Suite 420
Irvine, California 92614
Telephone: (949) 752-7100
Facsimile:  (949) 252-1514

Michael R. Graif
Seven Times Square, 46th Floor
New York, NY 10026
Tel.: 212-209-4800
mgraif@brownrudnick.com

Daniel A. Rozansky, #161647
drozansky@brownrudnick.com
2121 Avenue of the Stars, Suite 720
Los Angeles, California 90067
Telephone: (424) 525-0200
Facsimile:  (424) 525-0201

Katherine C. Dearing (*pro hac vice*)
1900 N Street, Fourth Floor
Washington, D.C. 20036
Tel.: 202-536-1700
kdearing@brownrudnick.com

*Attorneys for Plaintiff and Counterclaim-Defendants*
*Rapid Relief Team (RRT) Ltd., and Counterclaim-Defendants*
*Brown Rudnick LLP, Katy-Jade Church, and Michael Graif*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| RAPID RELIEF TEAM (RRT) LTD., <br><br> Plaintiff and Counterclaim-Defendant, <br><br> vs. <br><br> CHERYL BAWTINHEIMER, <br><br> Defendant and Counterclaim-Plaintiff. <br><br> vs. <br><br> BROWN RUDNICK LLP, KATY-JADE CHURCH, and MICHAEL GRAIF, <br><br> Counterclaim-Defendants. | Case No. 4:25-cv-10864-JST <br><br> HON. JON S. TIGAR <br><br> **COUNTERCLAIM-DEFENDANTS KATY-JADE CHURCH AND MICHAEL GRAIF'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS AND OPPOSITION TO COUNTERCLAIM-PLAINTIFF'S CROSS-MOTION TO TRANSFER COUNTERCLAIM ONE TO THE SOUTHERN DISTRICT OF NEW YORK** <br><br> DATE:    August 27, 2026 <br> TIME:     2:00 P.M. <br> CTRM:    Courtroom 6 – 2nd Floor <br><br> Action Filed:  December 19, 2025 <br> Amended Complaint Filed:  January 30, 2026 |

4:25-cv-10864-JST

REPLY IN SUPPORT OF MOTION TO DISMISS

## **TABLE OF CONTENTS**

I.    INTRODUCTION.................................................................................................1

II.   ARGUMENT .....................................................................................................2

    A.    The Parties Do Not Meaningfully Dispute the Court's Lack of Personal Jurisdiction Over Graif and Church ...........................................2

        1.    Bawtinheimer has failed to allege purposeful direction ...............3

        2.    Exercise of specific personal jurisdiction over the Attorneys would be unreasonable. ..............................................................3

    B.    The § 512(f) Counterclaim Should Not be Severed ...............................6

    C.    Neither the § 512(f) Claim Separately, Nor the Full Case, Should be Transferred .......................................................................8

    D.    Bawtinheimer's Untimely Additional Declaratory Judgment Case Law is Futile and Should be Ignored ........................................................11

III.  CONCLUSION .................................................................................................11

REPLY IN SUPPORT OF MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abear v. Providence Health System Washington*,
No. 3:13-cv-00097, 2013 WL 12099391 (D. Alaska Aug. 5, 2013).................10

*Adobe Sys. v. Kornrumpf*,
2011 U.S. Dist. LEXIS 80631 (N.D. Cal. July 25, 2011) ...................................11

*Anticancer, Inc. v. Pfizer Inc.*,
No. 11-CV-107, 2012 WL 1019796 (S.D. Cal. Mar. 26, 2012).......................6, 7

*Briskin v. Shopify, Inc.*
135 F.4th 739 (9th Cir. 2025)...............................................................................3

*Cabell v. Zorro Prods., Inc.*
2015 U.S. Dist. LEXIS 12845 (W.D. Wash. Feb. 3, 2015) ..................................8

*Calder v. Jones*,
465 U.S. 783 (1984) ..............................................................................................3

*Cal. Chamber of Commerce v. Council for Educ. & Rsch. on Toxics*,
29 F.4th 468 (9th Cir. 2022)................................................................................11

*Chorost v. Rotor Am. Inc.*,
No. CV-21-00235, 2022 WL 17361299 (D. Ariz. Aug. 8, 2022).......................7

*Cortina v. Bristol-Myers Squibb Co.*,
2017 U.S. Dist. LEXIS 100437 (N.D. Cal. June 27, 2017) .................................9

*Cruz-Aguilera v. INS*,
245 F.3d 1070 (9th Cir. 2001)..............................................................................8

*Doe v. Geller*,
533 F.Supp.2d 996 (N.D. Cal. 2008)..............................................................3, 4

*Dubose v. Bristol-Myers Squibb Co.*,
2017 U.S. Dist. LEXIS 99504 (N.D. Cal. June 27, 2017) .............................9, 10

*Federal Deposit Ins. Corp. v. British-American Ins. Co., Ltd.*,
828 F.2d 1439 (9th Cir. 1987)..............................................................................5

*Goldwater Bank NA v. Caliber Home Loans Inc.*,
No. CV-21-01190, 2021 WL 4974102 (D. Ariz. Oct. 26, 2021) ........................7

*Howard v. Powerhouse Coach, Inc.*
2025 U.S. Dist. LEXIS 154794 (S.D. Cal. Aug. 11, 2025).................................9

*Lenz v. Universal Music Group*,
815 F.3d 1145 (9th Cir. 2016) ...........................................................................2

*Miller v. Hambrick*
905 F.2d 259 (9th Cir. 1990) .............................................................................8

*Myco Indus. v. BlephEx, LLC*,
2019 U.S. Dist. LEXIS 145256 (E.D. Mich. Aug. 27, 2019) ...........................11

*S.F. A.I.D.S. Found. v. Trump*,
786 F. Supp. 3d 1184 (N.D. Cal. 2025)............................................................11

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) .............................................................................3

*Spar, Inc. v. Information Resources, Inc.*,
956 F.2d 392 (2d. Cir. 1992) ...........................................................................10

*Subsalve USA Corp. v. Watson Mfg. Inc.*
462 F.3d 41 (1st Cir. 2006) ...............................................................................9

*Tucson Embedded Sys. v. Turbine Powered Tech., LLC*,
2014 U.S. Dist. LEXIS 133579 (D. Ariz. Sept. 23, 2014) ...............................11

**Statutes**

17 U.S.C.
§ 512(f) ........................................................................................*passim*

28 U.S.C.
§ 1404(a)...........................................................................................................8
§ 1406(a)...........................................................................................................8
§ 1631 ...............................................................................................................8

**Other Authorities**

Fed. R. Civ. P. 12.........................................................................................1, 11

Fed. R. Civ. P. 21............................................................................................6

REPLY IN SUPPORT OF MOTION TO DISMISS

## I.    **<u>INTRODUCTION</u>**

Defendant/Counterclaim-Plaintiff Cheryl Bawtinheimer ("Bawtinheimer") has once again come to this Court with meritless arguments and disregard for procedural requirements. This Court lacks personal jurisdiction over Counterclaim-Defendants Michael Graif ("Graif") and Katy-Jade Church ("Church") (together, the "Attorneys"), and Bawtinheimer makes no real substantive attempt to argue otherwise. Instead, Bawtinheimer uses ECF No. 70, Defendant and Counterclaim Plaintiff Cheryl Bawtinheimer's Opposition to Counterclaim Defendants Kay-Jade Church and Michael Graif's Motion to Dismiss Counterclaim One and Cross Motion to Transfer in Whole or in Part (the "Opposition"), to introduce multiple haphazard theories as to potential transfer, or severance and transfer, without selecting a statute or making a clear request for a path forward, and to continue making arguments concerning her motion for preliminary injunction. Indeed, Bawtinheimer's Opposition purportedly seeks transfer of all parties as to Counterclaim One (or possibly the entire case), while the Motion to Dismiss (ECF No. 65) is brought only by Graif and Church.

For the reasons previously set forth in Counterclaim-Defendants' Motion to Dismiss (ECF No. 33) and as Counterclaim-Defendants also argued at the June 18, 2026 hearing, Bawtinheimer's § 512(f) counterclaim should be dismissed for failure to state a claim. But even if the Court does not dismiss the counterclaim under Federal Rule of Civil Procedure 12(b)(6), the Court plainly lacks personal jurisdiction over the Attorneys. Bawtinheimer concedes this point from the beginning of the Opposition. The Court need not compensate for Bawtinheimer's lack of effort in determining whether the Court had jurisdiction over this Counterclaim in the first instance by undertaking a detailed severance and transfer analysis. If Plaintiff/Counterclaim-Defendant Rapid Relief Team (RRT) Ltd. ("RRT") ultimately succeeds on its initial claim for copyright infringement, the § 512(f) claim necessarily fails against all of the Counterclaim-Defendants because not only were the takedown notices submitted in good faith, they were *accurate*. Therefore, severance of the § 512(f) claim is inefficient

REPLY IN SUPPORT OF MOTION TO DISMISS

and inappropriate. While a determination of non-infringement and/or a grant of the corresponding declaratory judgment counterclaim would not be dispositive in the same way – the analysis as to good faith belief remains under *Lenz v. Universal Music Group*, 815 F.3d 1145 (9th Cir. 2016), regardless of the ultimate finding in connection with fair use – the initial copyright infringement claim and the counterclaims arise from the same nucleus of operative facts and do not make sense to sever. Transfer is also inappropriate here. At minimum, it has the potential for jurisdictional challenges of its own, including personal jurisdiction at least as to Church and RRT, and as to Bawtinheimer (though she appears to be consenting to jurisdiction in SDNY). Rather than wading into this procedural mess of Bawtinheimer's making, this Court should dismiss Counterclaim One as to Church and Graif.

## II. ARGUMENT

### A. The Parties Do Not Meaningfully Dispute the Court's Lack of Personal Jurisdiction Over Graif and Church.

Bawtinheimer concedes multiple times in the Opposition that this Court lacks personal jurisdiction over the Attorneys before overtly foregoing it. Opposition at 11 ("To be clear, Bawtinheimer is choosing to forego any assertion that her 512(f) Counterclaim should be tried in this Court…"). Moreover, Bawtinheimer's arguments against dismissal fail to present or point to any additional information that demonstrates personal jurisdiction over the Attorneys. Bawtinheimer does not argue for general personal jurisdiction over the Attorneys and therefore effectively concedes that it is not appropriate here. Specific personal jurisdiction, under the law of this Circuit, is assessed as a three-part test evaluating (1) the nonresident defendant's purposeful availment (or, as here, purposeful direction), (2) the relationship between the claim and the defendant's "forum-related activities," and (3) the reasonableness of the exercise of jurisdiction. *Doe v. Geller*, 533 F.Supp.2d 996, 1005 (N.D. Cal. 2008) (citing *Data Disc, Inc. v. Systems Tech. Assocs., Inc.,* 557 F.2d 1280, 1287 (9th Cir. 1977)). The first and third factors are discussed by the parties.

### 1. **Bawtinheimer has failed to allege purposeful direction**

Bawtinheimer has failed to allege that the Attorneys purposefully directed their allegedly tortious acts toward the Northern District of California. A showing of purposeful direction "usually consists of evidence of the defendant's actions outside the forum state that are directed at the forum." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004)). Purposeful direction is evaluated under the effects test in *Calder v. Jones,* 465 U.S. 783 (1984), which "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Geller*, 533 F.Supp.2d at 1005 (citation omitted). Because the acts at issue were not committed in California and that the purported harm would not be felt in California (to the extent any existed, it would be felt in Canada, where Bawtinheimer is located), the question of specific personal jurisdiction fails at this first step. There can be no specific personal jurisdiction over the Attorneys under the *Calder* effects test.

Bawtinheimer argues incorrectly that the Ninth Circuit's decision in *Briskin v. Shopify, Inc.* undercuts the highly relevant *Geller* decision. 135 F.4th 739, 746-47 (9th Cir. 2025). *Briskin* is readily distinguishable. Unlike Bawtinheimer and the Attorneys here, the *Briskin* plaintiff was a California resident, and the *Briskin* court found purposeful direction based on the effects Shopify's actions had on <u>California</u> consumers. *Id.* at 756. The tortious acts alleged here have no material effect on anyone in California in the manner they did in *Briskin*. Bawtinheimer has cited no authority in which personal jurisdiction was exercised where, as here, no party was located in the forum state and only a non-party Internet services provider (such as YouTube) was in the forum state. Such an exercise of jurisdiction fails as a matter of law in this Circuit.

### 2. **Exercise of specific personal jurisdiction over the Attorneys would be unreasonable.**

It would be unreasonable for this Court to exercise specific personal jurisdiction over the Attorneys under the Ninth Circuit's seven-factor test, and Bawtinheimer cites

3

no authority to the contrary. *See* Opposition at 6-8. Instead, where Bawtinheimer has no arguments to contradict the Attorneys' assertions, she argues that the respective factor "favors transfer." *Id.*

As to the first factor, which evaluates the extent to which the nonresident defendant purposefully interjected itself into the forum state's affairs: where the *Geller* court found submission of one DMCA notice did not meet this factor, both Graif and Church submitted *two* notices. ECF No. 65-1, ¶¶ 4-6; ECF No. 65-2, ¶¶ 4-6. The other communications referenced by Bawtinheimer were follow-ups by each to YouTube to request it follow its own policy not to reinstate content at issue while legal action was pending – not new notices, and not additional notices on the same videos.

The second factor, the burden on the counterclaim-defendants, is the first to be deemed by Bawtinheimer to "favor transfer" because Bawtinheimer states she will refile in SDNY. The parties do not dispute that, by virtue of where both Church and Graif live and work, this factor does *not* favor the exercise of personal jurisdiction over either of the Attorneys.

The third factor, conflict with foreign sovereignty interests, does not favor the exercise of personal jurisdiction over Church. Bawtinheimer presents a colorful policy argument that Church must be able to be sued somewhere in the United States but no authority for that assertion. The Copyright Act is a U.S. law, but there is no harm felt by any citizen of the United States (Bawtinheimer is domiciled in Canada). Nor was any harm directed at a particular forum in the United States. It is therefore reasonable that no U.S. jurisdiction would be appropriate to bring a claim by a Canadian resident against a resident of the United Kingdom. Furthermore, while Bawtinheimer cannot rely on 17 U.S.C. § 512(f) – a United States statute – to assert a claim against Ms. Church in a proceeding outside of the United States, that does not mean that there is no recourse for purported harms outside the United States.

Bawtinheimer makes a similar policy argument for the fourth factor, which weighs the forum state's interest; again, it does not harm anyone in the United States

4                                      4:25-cv-10864-JST

REPLY IN SUPPORT OF MOTION TO DISMISS

for a Canadian resident to not be able to sue a British resident over a purportedly bad faith copyright takedown notice. No U.S. citizen is meaningfully affected. Bawtinheimer also argues that it would be "in the public interest to transfer and spread the workload for 512(f) cases to other appropriate districts." Opposition at 7. While this argument does not address this fourth factor directly, it bears noting that 512(f) claims and counterclaims remain rare, as evidenced by the small body of case law the parties have presented in support of their respective arguments, and so the adjudication of such claims weighs less heavily upon the public interest.

Bawtinheimer wrongly argues that the fifth factor, efficient judicial resolution, "favors transfer" because "there is an appeal on personal jurisdiction baked in to [sic] the decision." Opposition at 8. This argument involves several leaps and presumptions and ignores that while transfer to SDNY could theoretically resolve the jurisdictional issue as to Graif, it does not resolve the issue as to Church and potentially creates a new issue as to RRT. It is not clear at all that transfer, or severance and transfer, will be the most efficient resolution of these claims.

The parties agree that the sixth factor, California's importance to Bawtinheimer's interest in convenient and effective relief, is neutral. Opposition at 8.

In responding to the seventh factor, Bawtinheimer states that "SDNY is an appropriate alternative forum" without any further analysis or authority; while it may be reasonable to exercise personal jurisdiction over Graif in SDNY, it is less plainly reasonable for Church, who has no more of a connection to New York than she does to California (*i.e.*, essentially none). It is the [counterclaim-]plaintiff's burden to prove an alternative forum would be unavailable, and Bawtinheimer has not met that burden. *See Federal Deposit Ins. Corp. v. British-American Ins. Co., Ltd.*, 828 F.2d 1439, 1445 (9th Cir. 1987) (affirming dismissal for lack of personal jurisdiction where plaintiff did not meet its burden to show the unavailability of an alternative forum).

/ / /

/ / /

**B.    The § 512(f) Counterclaim Should Not be Severed**

Bawtinheimer presents no justifiable basis for severance of her § 512(f) counterclaim. She argues that since the § 512(f) counterclaim should be transferred against Graif, it should be transferred as to all Counterclaim-Defendants. But that could only occur if the Court exercises its discretion under Federal Rule of Civil Procedure 21 to sever the § 512(f) counterclaim from the other counterclaim and the underlying copyright infringement claim. In a demonstration of the confusing and self-contradictory nature of this Opposition, Bawtinheimer first *proposes* severance on page 2 of the Opposition ("[t]herefore, to wrap the 512(f) claim up neatly, the Court should sever the 512(f) counterclaim in its entirety and send to SDNY"), then states on page 5 that "transfer of the entire case *may* present the most efficient path forward… [but] it is a close call" and *then* states on page 11 that the severance factors "favor[] keeping the Counterclaims with RRT's infringement claim." The Attorneys agree with her last point: the claims should not be severed.

In the Ninth Circuit, when considering whether to sever a claim under Rule 21, a court considers:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Anticancer, Inc. v. Pfizer Inc.*, No. 11-CV-107, 2012 WL 1019796, at *1 (S.D. Cal. Mar. 26, 2012) (quoting *SEC v. Leslie, No.* 07–3444, 2010 WL 2991038 (N.D. Cal. July 29, 2010)).

The factors for consideration do not favor severance here because, fundamentally, "[a] court may not 'attempt to separate an essentially unitary problem.'" *Id.* (quoting *Spencer, White & Prentis, Inc. v. Pfizer, Inc.,* 498 F.2d 358,

362 (2d Cir.1974)). As discussed above, the § 512(f) claim cannot survive at all if RRT's copyright infringement claim succeeds, and the same claim would be affected – though not determined by – the judgment of the Court and/or fact finder in connection with Bawtinheimer's fair use defense and non-infringement declaratory judgment counterclaim. These claims and defenses are tightly intertwined and separating them would certainly delay their adjudication.

Bawtinheimer's analysis of the severance factors and her concession that "each severance factor favors keeping the Counterclaims with RRT's infringement" are largely undisputed. Opposition at 11-12. The claims share a common occurrence and questions of law and fact. And neither judicial economy nor efficiency would be promoted by severing these claims, as they are so heavily intertwined, and the lack of judicial efficiency would prejudice all parties, including Bawtinheimer. Finally, while there are potentially additional witnesses or documentary evidence that could be included in the adjudication of the § 512(f) claim, the witnesses and evidence still substantially overlap. Given that Bawtinheimer does not even appear to believe severance is appropriate, Bawtinheimer clearly has not carried her "burden [as the moving party] to establish the necessity of severance." *Anticancer*, 2012 WL 1019796, at *2-3 (denying motion to sever claim).

Furthermore, courts particularly disfavor severance and partial transfer where it could lead, as here, to duplicative litigation. *Chorost v. Rotor Am. Inc.*, No. CV-21-00235, 2022 WL 17361299, at *14 (D. Ariz. Aug. 8, 2022) (citing *Thuney v. Law.'s Title of Ariz.*, No. 2:18-CV-1513, 2019 WL 467697, at *7 (D. Ariz. Feb. 6, 2019) (finding duplicitous litigation not in the interest of justice), and *Kennedy v. Phillips*, No. C11-1231, 2012 WL 261612, at *4 (W.D. Wash. Jan. 30, 2012)); *Goldwater Bank NA v. Caliber Home Loans Inc.*, No. CV-21-01190, 2021 WL 4974102, at *2 (D. Ariz. Oct. 26, 2021) (rejecting transferring the claims because it would result in duplicitous litigation) (citing *Ei Corp., Inc., v. Gallant Cap. Partners, LLC*, No.: 2:20-cv-01119-APG-NJK, 2020 WL 4342663, at *2 (D. Nev. July 28, 2020) ("Litigation of related

claims in the same tribunal is favored in order to avoid duplicitous litigation, attendant unnecessary expense, loss of time to courts, witnesses and litigants, and inconsistent results." (citation omitted)).

### C.    Neither the § 512(f) Claim Separately, Nor the Full Case, Should be Transferred

There is no basis for partially or fully transferring this case. Tellingly, the primary authority relied upon by Bawtinheimer in support of her argument that this case should be transferred rather than dismissed is *Miller v. Hambrick*, a case filed by a self-represented prisoner who erroneously filed their case in the wrong district. 905 F.2d 259, 262 (9th Cir. 1990) (transfer instead of dismissal is warranted "when a litigant is confused about the proper forum for review"). In a vain attempt to find a viable transfer alternative to dismissal, Bawtinheimer proposes multiple potential transfer statutes, including 28 U.S.C. § 1404(a) and §1406(a). She fails to quote the beginning of § 1406(a), which states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district *shall dismiss*, or if it be in the interest of justice, transfer such case…" (emphasis added.) Bawtinheimer then proposes that the case be transferred under 28 U.S.C. § 1631, which specifically permits transfer among federal courts to cure jurisdictional defects. Despite Bawtinheimer's broad statement, *consideration* of transfer is mandatory, and therefore a motion is unnecessary – but the transfer itself is not mandatory if it is not in the interest of justice. *See Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001) ("Because the statute's language is mandatory, federal courts should *consider* transfer without motion by the parties.") (emphasis added).

Nor is Bawtinheimer's authority supporting the request for transfer over dismissal persuasive. In *Cabell v. Zorro Prods., Inc.*, the court found that transferring rather than dismissal of the case was in the interest of justice due to the length of time the parties had already been litigating the case (two years). 2015 U.S. Dist. LEXIS 12845, at *5-*6 (W.D. Wash. Feb. 3, 2015). Here, the parties have essentially been

REPLY IN SUPPORT OF MOTION TO DISMISS

litigating for a few months (indeed, Bawtinheimer has only been participating since she filed the Answer and Counterclaims in April 2026), and none of the claims are close to approaching a statute of limitations issue. In *Howard v. Powerhouse Coach, Inc.*, the defendants did not dispute the availability of an alternative forum. 2025 U.S. Dist. LEXIS 154794, at *16 (S.D. Cal. Aug. 11, 2025). While Graif does not dispute the availability of SDNY, Church certainly does. The rebuttable presumption set forth in *Subsalve USA Corp. v. Watson Mfg. Inc.* is from a different circuit and Bawtinheimer cites no parallel authority in this Circuit with the same presumption. 462 F.3d 41, 43 (1st Cir. 2006). Bawtinheimer also cites two cases decided by this Court in 2017 in which cases were transferred, rather than dismissed, based primarily on the convenience of the necessary third-party witnesses to the case. *See Cortina v. Bristol-Myers Squibb Co.*, 2017 U.S. Dist. LEXIS 100437 (N.D. Cal. June 27, 2017); *Dubose v. Bristol-Myers Squibb Co.*, 2017 U.S. Dist. LEXIS 99504 (N.D. Cal. June 27, 2017). There are no necessary third-party witnesses as to any of the claims in this action, so these cases are not instructive.

The relevant factors in deciding a motion to transfer are:

> (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Dubose*, 2017 U.S. Dist. LEXIS 99504, at *14 (citing *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011)).

Furthermore, "the district court has the broad discretion 'to adjudicate motions to transfer according to an "individualized, case-by-case consideration of convenience and fairness."'" *Id.* (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). "It is not enough for the defendant to merely show that it prefers another forum, and transfer will also not be allowed if the result is merely to shift the inconvenience from

9                                          4:25-cv-10864-JST

one party to another." *Id.* (citing *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964)).

As set forth previously, the Motion to Dismiss was brought only by Graif and Church, and Bawtinheimer's Opposition does not specify the counterclaims or the Counterclaim-Defendants it seeks to transfer. Briefly, however, there are no obvious third-party witnesses to inconvenience, and the evidence at issue is all electronic, so the forum makes no difference. Both SDNY and this Court have sufficient familiarity with federal intellectual property law. Nor is there any local interest in the controversy. While SDNY is admittedly more convenient for Graif as he is domiciled there, he is the only party on either side for whom that is true. Both forums are equally available to Brown Rudnick (which has offices in both California and New York), Church (who is in the United Kingdom), RRT (in Australia), and Bawtinheimer (in Alberta, Canada). Based on this information alone, it appears that transfer indeed would "merely… shift the inconvenience from one party to another" and therefore should not be granted.

Finally, the purpose of transfer is not to remedy jurisdictional errors. Courts will deny motions to transfer in favor of dismissing the case where it appears the plaintiff did not sufficiently consider jurisdictional requirements before bringing suit. *Abear v. Providence Health System Washington*, No. 3:13-cv-00097, 2013 WL 12099391, at *2 (D. Alaska Aug. 5, 2013) (denying motion to transfer rather than dismiss and finding dismissal is in the interest of justice because it "may prompt greater attention to jurisdictional and venue requirements by counsel before initiating future litigation, which is in the interest of justice"); *Spar, Inc. v. Information Resources, Inc.*, 956 F.2d 392, 394-95 (2d. Cir. 1992) ("We conclude that allowing a transfer in this case would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice.").

//

//

//

REPLY IN SUPPORT OF MOTION TO DISMISS

**D.** **Bawtinheimer's Untimely Additional Declaratory Judgment Case Law is Futile and Should be Ignored**

The last paragraph of the Opposition is a blatant attempt to shoehorn additional case law responsive to the Court's request at the June 18, 2026 hearing to substantiate the granting of a preliminary injunction on the basis of a declaratory judgment. Opposition at 12. In none of these cases was a preliminary injunction granted solely on the basis of an underlying declaratory judgment claim. In two of the cases, the court denied the preliminary injunction. *See Tucson Embedded Sys. v. Turbine Powered Tech., LLC*, 2014 U.S. Dist. LEXIS 133579 (D. Ariz. Sept. 23, 2014); *Adobe Sys. v. Kornrumpf*, 2011 U.S. Dist. LEXIS 80631 (N.D. Cal. July 25, 2011). In the other three, the court's grant of preliminary injunction was grounded in additional claims besides the declaratory judgment claim. *See Myco Indus. v. BlephEx, LLC*, 2019 U.S. Dist. LEXIS 145256 (E.D. Mich. Aug. 27, 2019) (underlying unfair competition claims along with declaratory judgment); *S.F. A.I.D.S. Found. v. Trump*, 786 F. Supp. 3d 1184 (N.D. Cal. 2025) (underlying Constitutional claims); *California Chamber of Commerce v. Council for Educ. & Rsch. on Toxics*, 29 F.4th 468 (9th Cir. 2022) (underlying Constitutional claims).

**III.** **CONCLUSION**

For at least the foregoing reasons, Counterclaim-Defendants Katy-Jade Church and Michael Graif respectfully request that the Court dismiss Counterclaim One for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).[1]

/ / /

/ / /

---

[1] The Attorneys fully adopted the prior briefing of Counterclaim-Defendants RRT and Brown Rudnick's Motion to Dismiss Counterclaim One (ECF No. 33) in their initial Motion.

DATED: July 1, 2026

Respectfully submitted,

BROWN RUDNICK LLP

By:  /s/ *Joel S. Miliband*
     Joel S. Miliband
     4 Park Plaza, Suite 420
     Irvine, California 92614
     Telephone: (949) 752-7100
     Facsimile:  (949) 252-1514
     jmiliband@brownrudnick.com

     Michael R. Graif
     Seven Times Square
     New York, NY 10026
     Tel.: 212-209-4800
     mgraif@brownrudnick.com

     Daniel A. Rozansky
     2121 Avenue of the Stars, Suite 720
     Los Angeles, California 90067
     Telephone: (424) 525-0200
     Facsimile:  (424) 525-0201
     drozansky@brownrudnick.com

     Katherine C. Dearing (*pro hac vice*)
     1900 N Street, Fourth Floor
     Washington, D.C. 20036
     Tel.: 202-536-1700
     kdearing@brownrudnick.com

     *Attorneys for Plaintiff and Counterclaim-Defendants Rapid Relief Team (RRT) Ltd., and Counterclaim-Defendants Brown Rudnick LLP, Katy-Jade Church, and Michael Graif*

12                                                4:25-cv-10864-JST
REPLY IN SUPPORT OF MOTION TO DISMISS