Marc J. Randazza, CA Bar No. 269535
Alex J. Shepard, CA Bar No. 295058
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, Nevada 89147
Telephone: 702-420-2001
ecf@randazza.com

*Attorneys for Defendant and Counterclaim-Plaintiff,*
*Cheryl Bawtinheimer*

### IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### (OAKLAND DIVISION)

| | |
|---|---|
| Rapid Relief Team (RRT) Ltd.,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>  vs.<br><br>Cheryl Bawtinheimer,<br><br>    Defendant and Counterclaim-Plaintiff,<br><br>  vs.<br><br>Brown Rudnick LLP, Katy-Jade Church, and Michael Graif,<br><br>    Counterclaim-Defendants. | Case No.: 4:25-cv-10864-JST<br>JUDGE: Hon. Jon S. Tigar<br><br>**DEFENDANT AND COUNTERCLAIM PLAINTIFF CHERYL BAWTINHEIMER'S REPLY IN SUPPORT OF CROSS-MOTION TO TRANSFER COUNTERCLAIM**<br><br>DATE: August 27, 2026<br>TIME: 2:00 P.M.<br>CTRM: Courtroom 6 – 2nd Floor<br><br>Action Filed: December 19, 2025<br>Amended Complaint Filed: January 30, 2026 |

Defendant and Counterclaim-Plaintiff Cheryl Bawtinheimer hereby files her reply in support of her Cross-Motion to transfer her Counterclaim for violation of 17 U.S.C. § 512(f) to the U.S. District Court for the Southern District of New York (the "SDNY").

## 1.0    INTRODUCTION

Counterclaim-Defendants Michael Graif and Katy-Jade Church violated 17 U.S.C. § 512(f) and did so in order to censor a source of information and a lifeline for people who are trying to escape an abusive cult. *See* ECF Nos. 36-3 and 36-9.  Graif and Church state that Bawtinheimer

"makes no real substantive attempt to argue" against their position that this Court lacks personal jurisdiction over them. Not every position must be dug into with no flexibility. Sometimes, conceding a point is more likely to lead to justice, expediency, and conservation of resources, and that is the smarter thing to do. Bawtinheimer elected not to strenuously contest the point because transfer makes the most sense and transfer moots the arguments that Graif and Church have made.

Graif and Church (and the other Counterclaim-Defendants) will be held accountable for their censorious and bad-faith conduct in the Northern District of California or the Southern District of New York. Bawtinheimer does not have a preference where this case takes place. Justice served in this Court or in its sister court is still justice served. Bawtinheimer has been dragged into a court far from home in either circumstance. Rather than digging into a position that means nothing to her, she expresses what *does* mean something to her – that this case gets resolved in a just, speedy, and inexpensive manner. *See* Fed. R. Civ. P. 1. That is the reason for her cross-motion.

## 2.0   ARGUMENT

Transfer makes the most sense and is what Bawtinheimer urges, especially in light of arguments made in the opposition to the motion to transfer.

### 2.1   The Case Should be Transferred

It is improper to dismiss a claim for lack of personal jurisdiction when an appropriate forum is available for transfer. The Ninth Circuit requires consideration of transfer rather than dismissal. *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001) (relying on the mandatory language in 28 U.S.C. § 1631); *see also Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) ("if a court finds that there is a want of jurisdiction the court shall transfer the action to any other such court in which the action could have been brought if it is in the interest of justice"). Transfer is proper either under § 1631 or under 28 U.S.C. § 1406(a). *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463 (1962) (Section 1406(a) is not limited to cases in which the transferring court has personal jurisdiction over the defendants).

Graif resides and works in the Southern District of New York and the relevant DMCA takedown conduct originated there. Thus, he could have no complaint with respect to transfer. Ms. Church (a U.K. resident) is subject to jurisdiction under Rule 4(k)(2). Church's contacts are measured against the nation as a whole, meaning the jurisdictional analysis is identical in SDNY and ND Cal. Transfer creates no new jurisdictional issues as to Church. *See Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007). Since Church does not suggest an alternate forum, Rule 4(k)(2) applies. *See ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001) (adopted expressly in the 9th Cir. by *Holland*, 485 F.3d at 458–59). Church faces a lighter burden litigating in New York than in California. And *Briskin*'s removal of the differential express aiming requirement forecloses any argument she has that she is not subject to jurisdiction in the United States for her bad-faith actions under 17 U.S.C. § 512(f).

It is in the interest of justice to transfer. It makes much more sense for this case to take place in the SDNY. Graif signed the DMCA notices there and did all the work there, and given his supervisory role, most likely directed Church's actions from there. We are only in this Court because of a statutory forum-consent condition, 17 U.S.C. § 512(g)(3), that Ms. Bawtinheimer had to accept if she wanted her speech restored. *See* ECF No. 7 at ¶ 8. Bawtinheimer now consents to transfer to the SDNY. Transfer changes nothing in Bawtinheimer's opinion. Copyright law is uniform; that is the reason it is federalized.

It would seem inefficient to sever the claims from each other, so efficiency says to remove the entire issue of personal jurisdiction from the table and send the entire case to the SDNY. If for some reason the Court prefers to retain the original copyright infringement claim and the declaratory judgment counterclaim, then it can use its discretion to sever the claims and transfer Counterclaim One only. This is not unprecedented. The District of Kansas did just that in a venue dispute in *Neonatal Prod. Grp., Inc. v. Shields*, 2017 U.S. Dist. LEXIS 113568, 2017 WL 3116686 (D. Kan. July 20, 2017). In that case, a counterclaim-defendant raised a venue argument, and the Court used its discretion to sever a counterclaim and transfer it to the Northern District of Illinois.

Bawtinheimer urges the most efficient solution of transferring the entire case, but wishes to point out that the Court does have the discretion to send only Counterclaim One to its sister court in the SDNY.

### 2.2    Transfer is Superior to Dismissal

It is improper to dismiss when transfer is appropriate.  *See Heiman*, 369 U.S. at 466–67; *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) ("[T]he purpose of [§ 1404(a)] is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense").  "Because 'dismissal of an action that could have been brought elsewhere is time-consuming and justice-defeating, courts usually find that transfer is in the interest of justice.'" *Knuttel v. Omaze, Inc*., 572 F. Supp. 3d 866, 871 (N.D. Cal. 2021) (granting transfer under § 1406(a) and quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990)).

Graif and Church claim that filing the counterclaim here exhibits a lack of diligence when choosing where to litigate, citing *Abear v. Providence Health System Washington*, 2013 U.S. Dist. LEXIS 192903, 2013 WL 12099391, at *2 (D. Alaska Aug. 5, 2013), and *Spar, Inc. v. Information Resources, Inc*., 956 F.2d 392, 394–95 (2d Cir. 1992) ("We conclude that allowing a transfer in this case would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice").  They argue that dismissal is appropriate to punish Bawtinheimer for being careless when selecting this forum.  However, Bawtinheimer did not choose this forum. 17 U.S.C. § 512(g)(3) compelled her consent to this District as the price of restoring her speech, and by definition a counterclaim can only be filed where the parent action is pending.  And by filing suit, it was Graif, for Plaintiff, who chose this District in which a counterclaim would necessarily be filed.  This is the opposite of the negligent forum shopping they claim is present here.

Dismissal guarantees inconvenience and adds expense for all because it ensures duplicative litigation.  If the Court dismisses, then Bawtinheimer will re-file the dismissed counterclaim in the SDNY.  She would likely dismiss the pending counterclaim here without prejudice as to Brown

Bawtinheimer's Reply in Support of Cross-Motion to Transfer Counterclaim One
Case No. 4:25-cv-10864-JST

Rudnick as well, so that they can be joined along with Church and Graif in SDNY. Church will likely re-assert a lack of personal jurisdiction, but under the analysis of Fed. R. Civ. P. 4(k)(2), that would be futile. We will have two parallel cases going on, one over the copyright claim and the declaratory judgment counterclaim, and the second over 512(f), a continent away. That doesn't make much sense, but that is what the result of dismissal would be. Of course, at that point, query whether Graif, Church, and Brown Rudnick would then move to consolidate the cases with the Judicial Panel on Multidistrict Litigation, in which case, what was the point of Church and Graif's motion other than delay and unnecessary attorneys' fees? The Court should not indulge this inefficiency.

RRT is Australian, Bawtinheimer is Canadian, Church is British, Graif is a New Yorker, Brown Rudnick's relevant office and RRT's lead counsel are in Manhattan, and YouTube is not expected to be a witness. No party resides in this District or this state. This is not *Van Dusen*'s mere shifting of inconvenience, but shifting the case to the one place where there is no appeal of the venue or jurisdictional elements of this case.

### 2.3    Denial and Retention is the Least Efficient Outcome

Although Church and Graif's motion to dismiss was filed against Bawtinheimer, she does not outright urge denial and retention on jurisdictional grounds. A denial of the motion on jurisdictional grounds all but ensures that this case will endure far longer than it should. If Bawtinheimer prevails on her 512(f) claim, she will certainly then be before the Ninth Circuit as Graif and Church both argue that the matter should have been filed elsewhere. Bawtinheimer is not so hubristic as to think she can securely predict how the Ninth Circuit will rule. In *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201 (9th Cir. 2020), a Ninth Circuit panel made one decision with respect to personal jurisdiction, declined to review it *en banc*,[1] and then, five years later, the *en banc* Ninth Circuit repudiated *Wanat* in *Briskin v. Shopify, Inc.*, 135 F.4th 739, 757 (9th Cir. 2025) (en banc). Given the unstable nature of personal jurisdiction jurisprudence in the Ninth

---

[1] *AMA Multimedia, LLC v. Wanat*, No. 18-15051 (9th Cir. Nov. 9, 2020) (denying reh'g en banc).

Bawtinheimer's Reply in Support of Cross-Motion to Transfer Counterclaim One
Case No. 4:25-cv-10864-JST

Circuit, denying the motion to dismiss on jurisdictional grounds seems to be the least efficient solution, as it all but guarantees an unpredictable appellate landscape after the trial.

**3.0     CONCLUSION**

The most appropriate and efficient course is to deny the motion to dismiss and instead transfer the whole case to the SDNY.  The second most efficient course would be to sever the § 512(f) claim in its entirety, as to all Counterclaim-Defendants, under Rule 21 and transfer it to the Southern District of New York pursuant to 28 U.S.C. § 1631 (or, alternatively, § 1404(a) or § 1406(a)).  Both approaches cure personal-jurisdiction or due process concerns.  However, the former is more efficient, and the second a bit less so.

Dated: July 6, 2026.                                    Respectfully submitted,

RANDAZZA LEGAL GROUP, PLLC
/s/ Marc J. Randazza
Marc J. Randazza, SBN 269535
Alex J. Shepard, SBN 295058
8991 W Flamingo Rd., Suite B
Las Vegas, NV 89147

*Attorneys for Defendant and Counterclaim-Plaintiff, Cheryl Bawtinheimer*

Bawtinheimer's Reply in Support of Cross-Motion to Transfer Counterclaim One
Case No. 4:25-cv-10864-JST

Case No. 4:25-cv-10864-JST

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza

- 7 -

Bawtinheimer's Reply in Support of Cross-Motion to Transfer Counterclaim One
Case No. 4:25-cv-10864-JST